1   William J. Rutzick (WSBA No. 11533)
    Kathyrn Goater (WSBA No. 9648)
2   Schroeter Goldmark & Bender
    810 3rd Avenue, 5th Fl.
3   Seattle, WA 98104
    Tel.: 206-622-8000;  Fax:  206-682-2305
4
    Law Office of David N. Mark (WSBA No. 13908)
5   Central Building, Suite 500
    810 Third Avenue
6   Seattle, WA 98104
    Tel.:  206-340-1840;  Fax: 206-340-1846
7

**FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

**NOV 0 5 2001**

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

8                UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF WASHINGTON

9   MARIA CHAVEZ, RANULFO GUTIÉRREZ, PAZ
    ARROYO, ANTONIO MARTINEZ, SILVERIO      | CLASS ACTION
10  DIAZ, individually and as class
    representatives,                         **CT - 01 - 5093 - EFS**
11                                          No.
                    Plaintiffs,
12                                          COMPLAINT FOR FAIR LABOR
        v.                                  STANDARDS ACT AND MINIMUM
                                            WAGE ACT VIOLATIONS
13  IBP, inc., LASSO ACQUISITION
    CORPORATION, and TYSON FOODS, INC.,
14  all Delaware Corporations,

15                  Defendants.

16

17                         **Jurisdiction**

18      1.   The Court has jurisdiction pursuant to 28 U.S.C. §1331 and

19  29 U.S.C. §216(b) over plaintiffs' Fair Labor Standards Act, 29

20  U.S.C. §§ 201-219 ("FLSA") claims.  The Court has supplemental

21  jurisdiction pursuant to 28 U.S.C. §1367 over plaintiffs' state law

22  claims which are based on the Minimum Wage Act, RCW chapter 49.46

23  ("MWA"), Industrial Welfare Act, RCW chapter 49.12, Wages-

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 1

**ORIGINAL**



LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1 | Deductions-Contribution-Rebates Act, RCW chapter 49.52 and

2 | regulations issued thereunder.

3 | **Parties**

4 |   2.   Plaintiffs Maria Chavez, Ranulfo Gutierrez, Paz Arroyo,

5 | Antonio Martinez, Silverio Diaz are adults employed at defendants'

6 | Pasco, Washington plant and have been so employed during the three

7 | years prior to the filing of this complaint.

8 |   3.   Defendant IBP, inc. was and, on information and belief,

9 | may still be a Delaware Corporation headquartered in Dakota Dunes,

10 | South Dakota, and registered to do business in Washington State.  It

11 | was and, on information and belief, may still be the world's largest

12 | producer of fresh beef, pork and related allied products.  It has

13 | operated and, on information and belief, may still be operating a

14 | beef slaughtering and processing plant that it commonly refers to

15 | the Pasco plant.

16 |   4.   Defendant Lasso Acquisition Corporation ("Lasso") is a

17 | recently-created wholly-owned subsidiary of defendant Tyson Foods,

18 | Inc. ("Tyson"), both of them being Delaware Corporations registered

19 | to do business in Washington State.  On information and belief,

20 | Lasso recently acquired a majority of the shares of IBP, inc., is

21 | merging or has merged IBP, inc. into Lasso and/or Tyson, and Lasso

22 | and/or Tyson are operating or will soon be operating what was IBP,

23 | inc. as the IBP Fresh Meat Division of Tyson Foods, Inc.  On

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 2

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1   information and belief, Lasso and/or Tyson are or soon will become

2   successors to the IBP, inc.'s rights and liabilities, including

3   federal and state wage and hour law liabilities.

**Facts**

5       5.    Plaintiffs have been employed by defendants at their Pasco

6   plant during all or part of the period from November 2, 1998 to the

7   present time.  Defendant IBP, inc. was the plaintiffs' employer

8   through September 28, 2001, and, thereafter, upon information and

9   belief plaintiffs have been and continue to be jointly employed by

10  the defendants.

11      6.    Plaintiffs' employment by defendants has been as part of

12  an enterprise engaged in commerce and in the production of goods for

13  commerce, as these terms are used in Sections 6 and 7 of the FLSA,

14  29 U.S.C.§§ 206-207.

15      7.    Plaintiffs have performed and continue to perform unpaid

16  work each morning, including, but not limited to, activities such as

17  donning protective equipment (wire mesh gloves, wire mesh aprons,

18  protective sleeves, rubber gloves, cloth gloves, plastic gloves,

19  safety boots, scabbards, hard hats, safety glasses, hairnet,

20  earplugs and other equipment), receiving and donning outer gloves,

21  obtaining sand paper, obtaining knives, sanding their steel

22  (equipment used to sharpen knives), waiting in line during these

23  previous activities, and performing production floor work.

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 3

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

8.    Defendants deduct thirty-minute meal periods from plaintiffs' pay, even though a substantial amount of their meal period is devoted to work activities such as production floor work after the start of the meal period, doffing safety equipment and related garments, cleaning themselves and equipment, donning safety equipment and related garments, and returning to work on the production floor prior to the end of the thirty-minute meal period.

9.    Plaintiffs work 8 hours or more in a day without receiving a second paid rest break.

10.   Plaintiffs perform unpaid work after the official end of the paid work day, including but not limited to activities such as completing production floor work, doffing safety equipment and related garments, cleaning safety equipment, bagging gloves and garments, storing safety equipment in lockers and waiting in line at various steps in the above-described process.

11.   Plaintiffs clock in at or near the beginning of the workday and clock out at or near the end of their workday, but are paid based on the official start and stop time, which excludes work performed before and after official hours.

12.   Much of plaintiffs' off-the-clock work is performed in workweeks in which plaintiffs work in excess of forty hours.

13.   The events described hereinabove continue at the time of the complaint, and, on information and belief, will continue.

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 4

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1      14.   Defendants have been and continue to willfully violate

2   state and federal wage and hour statutes and regulations with the

3   intent to deprive plaintiffs of a part of their wages.

4      15.   Defendants have been engaged in extensive similar

5   litigation, including *Alvarez et al. v. IBP*, No. CT-98-5005 RHW

6   (U.S.Dist.Ct. E.D.Wa.)(*Alvarez*), that has resulted in a final

7   judgment dated September 14, 2001 and supports collateral estoppel

8   on issues in this case.

9      16.   *Alvarez* involved the same issues and IBP plant as involved

10   in this case.  *Alvarez* only covered damages through May 14, 2000.

11   In addition, *Alvarez* involved only 815 individuals who affirmatively

12   opted into the case.  While the present class includes many of the

13   *Alvarez* class members, it also includes approximately 1,500 or more

14   individuals who were not *Alvarez* class members.

15      17.   Plaintiffs Maria Chavez and Ranulfo Gutierrez were named

16   plaintiffs and class representatives in *Alvarez*.  Plaintiff Antonio

17   Martinez was an *Alvarez* class member.  *Alvarez* is res judicata to

18   the *Alvarez* class members and named plaintiffs as to class work

19   performed through May 14, 2000, the end of the damages period.

20      18.   Plaintiff Paz Arroyo performed slaughter division work

21   that was included as *Alvarez* class work, but did not opt into the

22   *Alvarez* case.  Plaintiff Silverio Diaz performed Hides Division work

23   that was not part of the *Alvarez* class action.

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 5

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1

**Class Facts**

2       19.   Plaintiffs file this action on behalf of themselves and a

3   class defined as follows:

4           All individuals performing production work in the Pasco
            plant processing, slaughtering, and hides divisions,
5           during any time between November 2, 1998 to the present
            time, excluding supervisors, managers, quality control
6           employees, guards, mechanics, laundry room employees,
            janitors, knife room employees, and packaging department
7           employees whose jobs are limited to work performed after
            the product has been bagged and boxed.
8
        20.   Class members are employed and have been employed by
9
    defendants during the past three years in an enterprise engaged in
10
    commerce and in the production of goods for commerce, as these terms
11
    are used in Sections 6 & 7 of the FLSA, 29 U.S.C.§§ 206-207.
12
        21. Class members performed and continue to perform unpaid
13
    work each morning, including, but not limited to, activities such as
14
    donning protective equipment (wire mesh gloves, wire mesh aprons,
15
    rubber aprons, protective sleeves, rubber gloves, cloth gloves,
16
    plastic gloves, safety boots, scabbards, hard hats, safety glasses,
17
    hairnets, ear plugs and other equipment), receiving and donning
18
    outer gloves, obtaining sand paper, obtaining knives, sanding their
19
    steel (equipment used to sharpen knives), waiting in line during
20
    these previous activities, and performing production floor work.
21
    Their work begins shortly after arriving in the plant.
22

23

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 6

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1    22. Class members have thirty minute meal periods deducted

2    from their pay, even though a substantial amount of their meal

3    period is devoted to work activities such as production floor work

4    after the start of the meal period, doffing safety equipment and

5    related garments, cleaning themselves and equipment, donning safety

6    equipment and related garments, and returning to work on the

7    production floor prior to the end of the thirty-minute meal period.

8    23. Class members work 8 hours or more in a day without

9    receiving a second paid rest break.

10    24. Class members perform unpaid work after the official end

11    of the paid work day, including but not limited to activities such

12    as completing production floor work, doffing safety equipment and

13    related garments, cleaning safety equipment, bagging gloves and

14    garments, storing safety equipment in lockers and waiting in line at

15    various steps in the above-described process. Their work ends

16    shortly before they leave the plant.

17    25. Class members clock in at the beginning of their work day

18    and clock out at the end of their work day, but are nonetheless paid

19    based on the official start and stop time, plus 4 minutes for pre-

20    shift and post-shift work. However, the pre-shift, post-shift and

21    meal break work greatly exceeds 4 minutes.

22    26. Much of the class members' off-the-clock work is performed

23    in workweeks in which class members work in excess of forty hours.

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 7

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1    27.  The events described hereinabove were continuing at the

2    time of filing of the complaint, and, on information and belief,

3    will continue.

4    28.  Defendants have been and continue to willfully violate

5    state and federal wage and hour statutes and regulations with the

6    intent to deprive class members of a part of their wages.

7    29.  Defendants have been engaged in extensive similar

8    litigation, including *Alvarez et al. v. IBP*, No. CT-98-5005 RHW

9    (U.S.Dist.Ct. E.D.Wa.)(*Alvarez*) that resulted in a final judgment

10   dated September 14, 2001 supporting collateral estoppel on issues in

11   this case.

12   30.  *Alvarez* involved the same issues and IBP plant as involved

13   in this case.  *Alvarez* only covered damages through May 14, 2000.

14   In addition, *Alvarez* involved only 815 individuals who affirmatively

15   opted into the case.  While the present class includes many of the

16   *Alvarez* class members, it also includes approximately 1,500 or more

17   individuals who were not *Alvarez* class members.

18   31.  The proposed class numbers in excess of 2,000 individuals

19   and, therefore, joinder of all members is impracticable.

20   32.  There are questions of law and fact common to the class.

21   33.  Virtually all legal issues in this case will be common

22   class issues, such issues as state law lunch and rest break issues,

23   legal similarities and dissimilarities between the MWA and FLSA,

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 8

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1  FLSA work and Portal-to-Portal act issues, FLSA meal break issues,

2  interpretation of 29 U.S.C. §203(o), deference to be given Wage and

3  Hour Division Opinion letters relative to packaging plant work in

4  December 1997 and January 2001, collateral estoppel and res judicata

5  issues based on *Alvarez et al. v. IBP,* corporate law and FLSA

6  successorship and joint employment issues arising out of IBP, inc.

7  acquisition and merger, legal issues raised by affirmative defenses

8  advanced by defendants, plaintiffs' right to conduct videotaping and

9  expert evaluations inside the plant, and other legal issues which

10  will arise during this litigation.

11        34.   Class members share numerous common issues of fact,

12  involving matters such as amounts of time it takes to do various

13  activities, the time that production floor work begins and ends in

14  relation to paid starting and stopping time, liability and damages

15  issues which will be tried applying MWA and FLSA principles of

16  representative evidence, and the willfulness of defendants'

17  violations for purposes of RCW 49.52.050 & .070 exemplary damages

18  and the FLSA 3-year statute of limitations, 29 U.S.C. §255.

19        35.   For example, class member claims will depend on production

20  of common documents, such as electronic payroll records, job

21  classification equipment lists, electronic time card data, and

22  common company policies relative to equipment usage, sanitation,

23

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 9

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

bathroom usage and other policies, these common documents subject to

Fed.R.Civ.P. 26(a)(1) initial disclosures.

36. The claims of the representative parties are similar to

the class claims. See allegations supra and infra.

37. The named plaintiffs will fairly and adequately protect

the interests of the class and have made arrangements with

experienced counsel to represent the class members with vigor and

zeal within the bounds of the law. Counsel have extensive wage and

hour class action litigation experience, including representing the

plaintiffs in Alvarez et al. v. IBP.

38. The questions of law and fact common to the members

predominate over any questions affecting only individual members,

particularly in light of the rules of representative evidence and

the relaxed burdens of proof in MWA and FLSA cases.

39. A class action is superior to other available methods for

the fair and efficient adjudication of the controversy.

40. Individual class members have little interest in

individually controlling the prosecution of their claims given the

relatively small amounts of each claim, their relative lack of

sophistication, and the difficulties involved in bringing individual

litigation against one's current employer.

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 10

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1    41.   Plaintiffs are unaware of any other litigation concerning

2    this controversy commenced by or for other class members, except for

3    the *Alvarez* class action litigation, discussed *supra*.

4    42.   This litigation should be concentrated in this forum

5    because all class members were employed in defendants' Pasco plant,

6    located within this forum.

7    43.   The Court has the resources, abilities and procedures to

8    effectively manage this class action, particularly with application

9    of the substantive wage and hour law of representative evidence and

10   relaxed burdens of proof.

11   44.   Defendants have been and continue to willfully violate

12   state and federal wage and hour statutes and regulations with the

13   intent to deprive class members of a part of their wages and

14   continues to do so.

15   **First Claim - State Wage and Hour Law Violations**

16   45.   Plaintiffs repeat and reallege the prior allegations of

17   the complaint as if repeated completely.

18   46.   Defendants violate RCW 49.46.020 by permitting unpaid work

19   to be performed prior to the start of the paid workday and after the

20   end of the paid workday.

21   47.   Defendants violate RCW 49.46.130 by permitting plaintiffs

22   and class members to perform off-the-clock overtime work, i.e.,

23

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 11

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1 unpaid work performed by an employee who has worked in excess of

2 forty hours during a week.

3    48.  Defendants violate RCW 49.46.020, RCW 49.46.130, RCW

4 49.12.005 and WAC 296-126-092 by failing to pay for meal breaks that

5 are less than 30 minutes, the minimum length for an unpaid meal

6 break under state law.

7    49.  Defendants violate RCW 49.12.005 and WAC 296-126-092 by

8 failing to provide a second 10-minute rest break on days when

9 plaintiffs work 8 hours or more.

10    50.  The above-described state law wage and hour violations

11 were committed willfully and with intent to deprive class members of

12 wages and thus violate RCW 49.52.050 and RCW 49.52.070.

13    **Second Claim – Fair Labor Standards Act Violations**

14    51.  Plaintiffs repeat and reallege the prior allegations of

15 the complaint.

16    52.  Plaintiffs and class members are similarly situated with

17 regard to the claims made in this complaint.

18    53.  Defendants violate the overtime provisions of Section 7 of

19 the FLSA, 29 U.S.C. §207, by permitting unpaid overtime work,

20 including unpaid overtime work prior to the start of the paid work

21 day, during meal periods that do not qualify as bona fide meal

22 periods pursuant to FLSA regulations and case law, and after the end

23 of the paid work day.

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 12

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

**Prayer for Relief**

Wherefore, plaintiffs, individually and on behalf of the class, pray for relief against each defendant as follows:

1. With regard to the state law claims, plaintiffs pray for Fed.R.Civ.P. 23(b)(2) and 23(b)(3) class certification, damages, exemplary damages, prejudgment interest, costs, attorney fees pursuant to RCW 49.46.090, RCW 49.48.030, RCW 49.52.070 and equitable grounds, and for such other and further relieve as the Court deems just, equitable and within its powers to grant against;

2. With regard to the FLSA claims, plaintiffs pray for FLSA class certification pursuant to 29 U.S.C. §216(b), damages, liquidated damages, prejudgment interest, costs, attorney fees pursuant to 29 U.S.C. § 216(b), and such other and further relief as the Court deems just, equitable and within its powers to grant.

DATED this 2nd day of November, 2001.

SCHROETER, GOLDMARK & BENDER

by:   William J. Rutzick (WSBA# 11533)
      Kathy Goater (WSBA#  9648)

LAW OFFICE OF DAVID N. MARK

by:   David N. Mark (WSBA #13908)
      Attorneys for the Plaintiffs

COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 13

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

de170104 11/2/01