HONORABLE EDWARD F. SHEA

William J. Rutzick (WSBA No. 11533)
Kathryn Goater (WSBA No. 9648)
Schroeter Goldmark & Bender
810 3rd Avenue, 5th Fl.
Seattle, WA 98104
Tel.: 206-622-8000;  Fax:  206-682-2305

Law Office of David N. Mark (WSBA No. 13908)
Central Building, Suite 500
810 Third Avenue
Seattle, WA 98104
Tel.: 206-340-1840;  Fax: 206-340-1846

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 0 6 2002

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA CHAVEZ, RANULFO GUTIÉRREZ, PAZ ARROYO, ANTONIO MARTINEZ, SILVERIO DIAZ, individually and as class representatives, | CLASS ACTION<br><br>No. CT-01-5093-EFS |
| Plaintiffs,<br><br>v.<br><br>IBP, inc., LASSO ACQUISITION CORPORATION (**whose corporate name has now been changed to IBP, inc.**), and TYSON FOODS, INC., all Delaware Corporations,<br><br>Defendants. | FIRST SUPPLEMENTAL COMPLAINT FOR FAIR LABOR STANDARDS ACT AND MINIMUM WAGE ACT VIOLATIONS |

**Jurisdiction**

1.    The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b) over plaintiffs' Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") claims.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over plaintiffs' state law claims which are based on the Minimum Wage Act, RCW chapter 49.46

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 1

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

ORIGINAL

1  ("MWA"), Industrial Welfare Act, RCW chapter 49.12, Wages-

2  Deductions-Contribution-Rebates Act, RCW chapter 49.52 and

3  regulations issued thereunder.

**Parties**

5    2.   Plaintiffs Maria Chavez, Ranulfo Gutierrez, Paz Arroyo,

6  Antonio Martinez, Silverio Diaz are adults employed at defendants'

7  Pasco, Washington plant and have been so employed during the three

8  years prior to the filing of this complaint.

9    3.   Defendant IBP, inc. was and, on information and belief,

10  may still be a Delaware Corporation headquartered in Dakota Dunes,

11  South Dakota, and registered to do business in Washington State.  It

12  was and, on information and belief, may still be the world's largest

13  producer of fresh beef, pork and related allied products.  It has

14  operated and, on information and belief, may still be operating a

15  beef slaughtering and processing plant that it commonly refers to

16  the Pasco plant.

17    4.   Defendant Lasso Acquisition Corporation ("Lasso") is a

18  recently-created wholly-owned subsidiary of defendant Tyson Foods,

19  Inc. ("Tyson"), both of them being Delaware Corporations registered

20  to do business in Washington State.  On information and belief,

21  Lasso recently acquired a majority of the shares of IBP, inc., is

22  merging or has merged IBP, inc. into Lasso and/or Tyson, and Lasso

23  and/or Tyson are operating or will soon be operating what was IBP,

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 2

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840   FAX (206) 340-1846

1  inc. as the IBP Fresh Meat Division of Tyson Foods, Inc.   On

2  information and belief, Lasso and/or Tyson are or soon will become

3  successors to the IBP, inc.'s rights and liabilities, including

4  federal and state wage and hour law liabilities.

5      4a.  **Supplemental Allegation.**  Lasso was the surviving

6  corporation in the merger between Lasso and IBP, inc.   On November

7  19, 2001, Lasso filed with the Washington Secretary of State its

8  corporate name change from Lasso to IBP, inc.   Plaintiffs now refer

9  to the new name as "IBP, inc. [NEW]" to distinguish it from the pre-

10 Tyson IBP, inc.   All references in this complaint to "Lasso" shall

11 be deemed to refer to "IBP, inc. [NEW]," which is the same corporate

12 entity as Lasso with a name change.

13                        **Facts**

14     5.   Plaintiffs have been employed by defendants at their Pasco

15 plant during all or part of the period from November 2, 1998 to the

16 present time.   Defendant IBP, inc. was the plaintiffs' employer

17 through September 28, 2001, and, thereafter, upon information and

18 belief plaintiffs have been and continue to be jointly employed by

19 the defendants.

20     6.   Plaintiffs' employment by defendants has been as part of

21 an enterprise engaged in commerce and in the production of goods for

22 commerce, as these terms are used in Sections 6 and 7 of the FLSA,

23 29 U.S.C.§§ 206-207.

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 3

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

7.    Plaintiffs have performed and continue to perform unpaid work each morning, including, but not limited to, activities such as donning protective equipment (wire mesh gloves, wire mesh aprons, protective sleeves, rubber gloves, cloth gloves, plastic gloves, safety boots, scabbards, hard hats, safety glasses, hairnet, earplugs and other equipment), receiving and donning outer gloves, obtaining sand paper, obtaining knives, sanding their steel (equipment used to sharpen knives), waiting in line during these previous activities, and performing production floor work.

8.    Defendants deduct thirty-minute meal periods from plaintiffs' pay, even though a substantial amount of their meal period is devoted to work activities such as production floor work after the start of the meal period, doffing safety equipment and related garments, cleaning themselves and equipment, donning safety equipment and related garments, and returning to work on the production floor prior to the end of the thirty-minute meal period.

9.    Plaintiffs work 8 hours or more in a day without receiving a second paid rest break.

10.    Plaintiffs perform unpaid work after the official end of the paid work day, including but not limited to activities such as completing production floor work, doffing safety equipment and related garments, cleaning safety equipment, bagging gloves and

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 4

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840   FAX (206) 340-1846

1    garments, storing safety equipment in lockers and waiting in line at

2    various steps in the above-described process.

3        11.   Plaintiffs clock in at or near the beginning of the

4    workday and clock out at or near the end of their workday, but are

5    paid based on the official start and stop time, which excludes work

6    performed before and after official hours.

7        12.   Much of plaintiffs' off-the-clock work is performed in

8    workweeks in which plaintiffs work in excess of forty hours.

9        13.   The events described hereinabove continue at the time of

10   the complaint, and, on information and belief, will continue.

11       14.   Defendants have been and continue to willfully violate

12   state and federal wage and hour statutes and regulations with the

13   intent to deprive plaintiffs of a part of their wages.

14       15.   Defendants have been engaged in extensive similar

15   litigation, including *Alvarez et al. v. IBP*, No. CT-98-5005 RHW

16   (U.S.Dist.Ct. E.D.Wa.)(*Alvarez*), that has resulted in a final

17   judgment dated September 14, 2001 and supports collateral estoppel

18   on issues in this case.

19       16.   *Alvarez* involved the same issues and IBP plant as involved

20   in this case.  *Alvarez* only covered damages through May 14, 2000.

21   In addition, *Alvarez* involved only 815 individuals who affirmatively

22   opted into the case.  While the present class includes many of the

23

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 5

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1   *Alvarez* class members, it also includes approximately 1,500 or more

2   individuals who were not *Alvarez* class members.

3        17.   Plaintiffs Maria Chavez and Ranulfo Gutierrez were named

4   plaintiffs and class representatives in *Alvarez*.  Plaintiff Antonio

5   Martinez was an *Alvarez* class member.  *Alvarez* is res judicata to

6   the *Alvarez* class members and named plaintiffs as to class work

7   performed through May 14, 2000, the end of the damages period.

8        18.   Plaintiff Paz Arroyo performed slaughter division work

9   that was included as *Alvarez* class work, but did not opt into the

10  *Alvarez* case.  Plaintiff Silverio Diaz performed Hides Division work

11  that was not part of the *Alvarez* class action.

12                              **Class Facts**

13       19.   Plaintiffs file this action on behalf of themselves and a

14  class defined as follows:

15       All individuals performing production work in the Pasco
         plant processing, slaughtering, and hides divisions,
16       during any time between November 2, 1998 to the present
         time, excluding supervisors, managers, quality control
17       employees, guards, mechanics, laundry room employees,
         janitors, knife room employees, and packaging department
18       employees whose jobs are limited to work performed after
         the product has been bagged and boxed.
19
         20.   Class members are employed and have been employed by
20
    defendants during the past three years in an enterprise engaged in
21
    commerce and in the production of goods for commerce, as these terms
22
    are used in Sections 6 & 7 of the FLSA, 29 U.S.C.§§ 206-207.
23

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 6

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

21. Class members performed and continue to perform unpaid work each morning, including, but not limited to, activities such as donning protective equipment (wire mesh gloves, wire mesh aprons, rubber aprons, protective sleeves, rubber gloves, cloth gloves, plastic gloves, safety boots, scabbards, hard hats, safety glasses, hairnets, ear plugs and other equipment), receiving and donning outer gloves, obtaining sand paper, obtaining knives, sanding their steel (equipment used to sharpen knives), waiting in line during these previous activities, and performing production floor work. Their work begins shortly after arriving in the plant.

22. Class members have thirty minute meal periods deducted from their pay, even though a substantial amount of their meal period is devoted to work activities such as production floor work after the start of the meal period, doffing safety equipment and related garments, cleaning themselves and equipment, donning safety equipment and related garments, and returning to work on the production floor prior to the end of the thirty-minute meal period.

23. Class members work 8 hours or more in a day without receiving a second paid rest break.

24. Class members perform unpaid work after the official end of the paid work day, including but not limited to activities such as completing production floor work, doffing safety equipment and related garments, cleaning safety equipment, bagging gloves and

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 7

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840   FAX (206) 340-1846

1   garments, storing safety equipment in lockers and waiting in line at

2   various steps in the above-described process.  Their work ends

3   shortly before they leave the plant.

4       25.  Class members clock in at the beginning of their work day

5   and clock out at the end of their work day, but are nonetheless paid

6   based on the official start and stop time, plus 4 minutes for pre-

7   shift and post-shift work.  However, the pre-shift, post-shift and

8   meal break work greatly exceeds 4 minutes.

9       26.  Much of the class members' off-the-clock work is performed

10  in workweeks in which class members work in excess of forty hours.

11      27.  The events described hereinabove were continuing at the

12  time of filing of the complaint, and, on information and belief,

13  will continue.

14      28.  Defendants have been and continue to willfully violate

15  state and federal wage and hour statutes and regulations with the

16  intent to deprive class members of a part of their wages.

17      29.  Defendants have been engaged in extensive similar

18  litigation, including *Alvarez et al. v. IBP,* No. CT-98-5005 RHW

19  (U.S.Dist.Ct. E.D.Wa.)(*Alvarez*) that resulted in a final judgment

20  dated September 14, 2001 supporting collateral estoppel on issues in

21  this case.

22      30.  *Alvarez* involved the same issues and IBP plant as involved

23  in this case.  *Alvarez* only covered damages through May 14, 2000.

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 8

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1    In addition, *Alvarez* involved only 815 individuals who affirmatively

2    opted into the case.  While the present class includes many of the

3    *Alvarez* class members, it also includes approximately 1,500 or more

4    individuals who were not *Alvarez* class members.

5        31.  The proposed class numbers in excess of 2,000 individuals

6    and, therefore, joinder of all members is impracticable.

7        32.  There are questions of law and fact common to the class.

8        33.  Virtually all legal issues in this case will be common

9    class issues, such issues as state law lunch and rest break issues,

10   legal similarities and dissimilarities between the MWA and FLSA,

11   FLSA work and Portal-to-Portal act issues, FLSA meal break issues,

12   interpretation of 29 U.S.C. §203(o), deference to be given Wage and

13   Hour Division Opinion letters relative to packaging plant work in

14   December 1997 and January 2001, collateral estoppel and res judicata

15   issues based on *Alvarez et al. v. IBP,* corporate law and FLSA

16   successorship and joint employment issues arising out of IBP, inc.

17   acquisition and merger, legal issues raised by affirmative defenses

18   advanced by defendants, plaintiffs' right to conduct videotaping and

19   expert evaluations inside the plant, and other legal issues which

20   will arise during this litigation.

21       34.  Class members share numerous common issues of fact,

22   involving matters such as amounts of time it takes to do various

23   activities, the time that production floor work begins and ends in

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 9

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840   FAX (206) 340-1846

1  relation to paid starting and stopping time, liability and damages

2  issues which will be tried applying MWA and FLSA principles of

3  representative evidence, and the willfulness of defendants'

4  violations for purposes of RCW 49.52.050 & .070 exemplary damages

5  and the FLSA 3-year statute of limitations, 29 U.S.C. §255.

6      35.  For example, class member claims will depend on production

7  of common documents, such as electronic payroll records, job

8  classification equipment lists, electronic time card data, and

9  common company policies relative to equipment usage, sanitation,

10  bathroom usage and other policies, these common documents subject to

11  Fed.R.Civ.P. 26(a)(1) initial disclosures.

12      36.  The claims of the representative parties are similar to

13  the class claims.  See allegations supra and infra.

14      37.  The named plaintiffs will fairly and adequately protect

15  the interests of the class and have made arrangements with

16  experienced counsel to represent the class members with vigor and

17  zeal within the bounds of the law.  Counsel have extensive wage and

18  hour class action litigation experience, including representing the

19  plaintiffs in Alvarez et al. v. IBP.

20      38.  The questions of law and fact common to the members

21  predominate over any questions affecting only individual members,

22  particularly in light of the rules of representative evidence and

23  the relaxed burdens of proof in MWA and FLSA cases.

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 10

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840   FAX (206) 340-1846

1      39.   A class action is superior to other available methods for

2   the fair and efficient adjudication of the controversy.

3      40.   Individual class members have little interest in

4   individually controlling the prosecution of their claims given the

5   relatively small amounts of each claim, their relative lack of

6   sophistication, and the difficulties involved in bringing individual

7   litigation against one's current employer.

8      41.   Plaintiffs are unaware of any other litigation concerning

9   this controversy commenced by or for other class members, except for

10   the *Alvarez* class action litigation, discussed *supra*.

11      42.   This litigation should be concentrated in this forum

12   because all class members were employed in defendants' Pasco plant,

13   located within this forum.

14      43.   The Court has the resources, abilities and procedures to

15   effectively manage this class action, particularly with application

16   of the substantive wage and hour law of representative evidence and

17   relaxed burdens of proof.

18      44.   Defendants have been and continue to willfully violate

19   state and federal wage and hour statutes and regulations with the

20   intent to deprive class members of a part of their wages and

21   continues to do so.

22           **First Claim – State Wage and Hour Law Violations**

23

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 11

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

45.  Plaintiffs repeat and reallege the prior allegations of the complaint as if repeated completely.

46.  Defendants violate RCW 49.46.020 by permitting unpaid work to be performed prior to the start of the paid workday and after the end of the paid workday.

47.  Defendants violate RCW 49.46.130 by permitting plaintiffs and class members to perform off-the-clock overtime work, i.e., unpaid work performed by an employee who has worked in excess of forty hours during a week.

48.  Defendants violate RCW 49.46.020, RCW 49.46.130, RCW 49.12.005 and WAC 296-126-092 by failing to pay for meal breaks that are less than 30 minutes, the minimum length for an unpaid meal break under state law.

49.  Defendants violate RCW 49.12.005 and WAC 296-126-092 by failing to provide a second 10-minute rest break on days when plaintiffs work 8 hours or more.

50.  The above-described state law wage and hour violations were committed willfully and with intent to deprive class members of wages and thus violate RCW 49.52.050 and RCW 49.52.070.

**Second Claim – Fair Labor Standards Act Violations**

51.  Plaintiffs repeat and reallege the prior allegations of the complaint.

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 12

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1  52. Plaintiffs and class members are similarly situated with

2 regard to the claims made in this complaint.

3  53. Defendants violate the overtime provisions of Section 7 of

4 the FLSA, 29 U.S.C. §207, by permitting unpaid overtime work,

5 including unpaid overtime work prior to the start of the paid work

6 day, during meal periods that do not qualify as bona fide meal

7 periods pursuant to FLSA regulations and case law, and after the end

8 of the paid work day.

9        **Prayer for Relief**

10  Wherefore, plaintiffs, individually and on behalf of the class,

11 pray for relief against each defendant as follows:

12   1. With regard to the state law claims, plaintiffs pray

13 for Fed.R.Civ.P. 23(b)(2) and 23(b)(3) class certification, damages,

14 exemplary damages, prejudgment interest, costs, attorney fees

15 pursuant to RCW 49.46.090, RCW 49.48.030, RCW 49.52.070 and

16 equitable grounds, and for such other and further relieve as the

17 Court deems just, equitable and within its powers to grant against;

18   2. With regard to the FLSA claims, plaintiffs pray for

19 FLSA class certification pursuant to 29 U.S.C. §216(b), damages,

20 liquidated damages, prejudgment interest, costs, attorney fees

21 pursuant to 29 U.S.C. § 216(b), and such other and further relief as

22 the Court deems just, equitable and within its powers to grant.

23 DATED this 27th day of March, 2002.

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 13

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

SCHROETER, GOLDMARK & BENDER

by:    William J. Rutzick (WSBA# 11533)
       Kathy Goater (WSBA# 9648)

LAW OFFICE OF DAVID N. MARK

by:    David N. Mark (WSBA #13908)
       Attorneys for the Plaintiffs

FIRST SUPPLEMENTAL COMPLAINT FOR MINIMUM WAGE ACT AND
FAIR LABOR STANDARDS ACT VIOLATIONS – Page 14

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840   FAX (206) 340-1846

ec250106 3/27/02

HON. EDWARD F. SHEA

1

2   WILLIAM RUTZICK, WSBA #11533
3   KATHRYN GOATER, WSBA #9648
4   **SCHROETER, GOLDMARK & BENDER**
    Central Building, Suite 500
5   810 Third Avenue
6   Seattle, Washington  98104
    206/622-8000 (telephone)
7   206/682-2305 (facsimile)

8
    DAVID N. MARK, WSBA #13908
9   **LAW OFFICE OF DAVID N. MARK**
    Central Building, Suite 500
10  810 Third Avenue
11  Seattle, WA 98104
    206/340-1840 (telephone)
12  206/340-1846 (facsimile)

13

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 0 6 2002

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

14

15          UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF WASHINGTON AT SPOKANE

16

17  MARIA CHAVEZ, RANULFO
    GUTIERREZ, PAZ ARROYO,              No. CT-01-5093-EFS
18  ANTONIO MARTINEZ, SILVERIO
    DIAZ, individually and as class
19  representatives,
20                    Plaintiffs,        DECLARATION OF SERVICE
            v.
21
22  IBP, inc., LASSO ACQUISITION
    CORPORATION, TYSON FOODS,
23  INC., all Delaware corporations,
24
                    Defendants.
25

26

DECLARATION OF SERVICE - 1
P:\138214900\P\dec of serv-050202-ss.doc

ORIGINAL

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

1    Susan Shaver hereby declares as follows:

2    That on May 3, 2002, I had a copy of the following document:

3

4    First Supplemental Complaint for Fair Labor Standards Act and Minimum

5    Wage Act Violations

6

7    served upon attorneys of record for defendants by having said copy mailed,

8    postage prepaid or hand delivered to them at the office addresses below:

9

10    Barbara J. Duffy
      Douglas E. Smith
      Nancy W. Anderson
11    LANE POWELL SPEARS LUBERSKY
      1420 Fifth Avenue, Suite 4100
12    Seattle, WA 98101
      Attorneys for Defendants Lasso Acquisition Corporation, Tyson Foods,
13    Inc. and IBP, inc.

14    I declare under penalty of perjury under the laws of the United States that

15    the foregoing is true and correct.

16

17    DATED this ___3^rd___ day of ___May___, 2002.

18                    SCHROETER, GOLDMARK & BENDER

19

20                    _____
                      SUSAN SHAVER

21

22

23

24

25

26

DECLARATION OF SERVICE - 2
P:\138214900\P\dec of serv-050202-ss.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000