FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 06 2002

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIA CHAVEZ, RANULFO GUTIERREZ, PAZ ARROYO, ANTONIO MARTINEZ, SILVERIO DIAZ, individually and as class representatives,

Plaintiffs,

v.

IBP, inc., LASSO ACQUISITION CORPORATION, and TYSON FOODS, INC., all Delaware Corporations,

Defendants.

NO. CT-01-5093-EFS

**ORDER GRANTING DEFENDANT LASSO ACQUISITION CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT, without oral argument, is Defendant Lasso Acquisition Corporation's Motion for Summary Judgment Dismissing Plaintiff's Claims with Prejudice, (Ct. Rec. 56-1). The Court has reviewed the motion and record and is fully informed. The Court hereby **grants** Defendant's Motion for Summary Judgment.

In their Complaint, the Plaintiffs named three defendants: IBP, Inc. (Old IBP), Lasso Acquisition Corporation ("Lasso") and Tyson Foods, Inc. ("Tyson"). (Ct. Rec. 1.) Lasso was incorporated as a wholly owned subsidiary of Tyson. (Ct. Rec. 60 Hudson Decl. ¶ 2.)

ORDER ~ 1

Its sole purpose was to complete the merger agreement between Old IBP and Tyson. (*Id.* at ¶ 3.) Lasso then purchased shares of OLD IBP's stock, which together with those already owned by Tyson, totaled just more than 50% of Old IBP's outstanding stock. (*Id.* at ¶ 4.) Using the control it had acquired, Tyson acquired the remaining shares though a share exchange for Tyson shares. (*Id.*) Finally, on September 28, 2001, Lasso and Old IBP merged into a single corporation, which was renamed IBP, inc., ("New IBP"). (*Id.* at ¶ 5.) Recognizing this change, the Plaintiffs have filed a supplemental complaint, including an allegation relating to the now completed merger. (Ct. Rec. 100.) As a result of the merger, New IBP succeeded to all the rights and liabilities of Old IBP. (Ct. Rec 60 Hudson Decl. ¶ 6.)

Following the merger, there is no such corporation as Lasso, separate and distinct from IBP. There is only New IBP. Yet, Plaintiffs have sued IBP, and Lasso (recognizing that its name had changed to New IBP), (Ct. Rec. 100 at 3). After the merger, these are not two distinct parties, but one and the same. Therefore, the Court grants Lasso's motion for summary judgment. However, the Court wishes to make clear that this grant of summary judgment does not release New IBP from any liability resulting from this case. All the Court intends is the recognition that after the merger, there are only two defendants possibly involved, New IBP and Tyson. Accordingly,

**IT IS HEREBY ORDERED:**

ORDER ~ 2

1. Defendant Lasso Acquisition Corporation's Motion for Summary Judgment Dismissing Plaintiff's Claims with Prejudice, **(Ct. Rec. 56-1), is GRANTED, as set forth herein**.

2. The Court continued Defendant Tyson Foods, Inc.'s Motion for Summary Judgment Dismissing Plaintiff's Claims with Prejudice, **(Ct. Rec. 56-2)**, by a separate order, **(Ct. Rec. 119)**, and therefore, this Order does not terminate that motion.

3. Defendants' Motion to Exceed Page Limitation, **(Ct. Rec. 94)**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to

(A)  Enter this Order; and

(B)  Provide copies to all counsel.

**DATED** this ____ day of May, 2002.

_____
EDWARD F. SHEA
United States District Judge

Q:\Civil\2001\5093.order Lasso MSJ.wpd

ORDER ~ 3