CROWLEY & MILLER
COURT REPORTERS
601 W. RIVERSIDE
SUITE 1030
SPOKANE, WA 99201

HONORABLE EDWARD F. SHEA

William J. Rutzick (WSBA No. 11533)
Kathy Goater (WSBA No. 9648)
Schroeter Goldmark & Bender
810 Third Avenue, 5th Fl.
Seattle, WA 98104
Tel. 206-622-8000;  Fax: 206-682-2305

Law Office of David N. Mark (WSBA No. 13908)
Central Building, Suite 500
810 Third Avenue
Seattle, WA 98104
Tel. 206-340-1840; Fax: 206-340-1846

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 06 2002

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIA CHAVEZ, et al.,
                    Plaintiffs,

        v.

IBP, inc., et al.,
                    Defendants.

No. CT-01-5093-EFS

MEMORANDUM IN SUPPORT
OF MOTION TO PRODUCE
VIDEOTAPES

I.    **INTRODUCTION**

Plaintiffs seek production of IBP's 2001-2002 videotapes of workers performing pre-production, break and post-production work. IBP objects on work-product grounds, to which plaintiffs respond: 1) plaintiffs have "substantial need" due to post-videotaping plant changes and plaintiffs' limited plant access; 2) the videotapes are not work product, and 3) IBP's initial disclosure obligations require it to produce videotapes it "may use" at trial.

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

ORIGINAL

1    Plaintiffs need production of the videotape by early October,

2    for their time study expert to include the data in his report.

3    Mericle Dec. ¶¶ 9-10 (Exhibit 1 to Mark Dec.).

4    **II.    STATEMENT OF FACTS**

5        **A.    Background**

6            **1.    Videotape Use in *Alvarez***

7        The *Alvarez* record includes videotapes taken by both parties

8    showing workers performing pre-production, break and post-production

9    work.   The parties' time study experts relied on videotapes in

10   forming their opinions.  Mericle Dec. ¶¶ 5-8; Mark Dec. ¶¶ 2-4.

11       **B.    Plaintiffs' Discovery Efforts**

12           **1.    Initial Discovery Conference; IBP Counsel Disclaimer
                  of Knowledge of Videotaping.**

13
14       Class members observed IBP conducting in-plant videotaping in

     late 2001.  Plaintiffs sought production of videotapes at the

15   January 11, 2002 initial discovery conference.  Defendants' counsel

16   stated **they were surprised and unaware of any videotaping**, but would

17   look into it.  They followed up with a letter, stating **"Defense**

18   **counsel are not aware at this time of any such videotapes."**  Mark

19   Dec. ¶ 5 and Exhibit 2 thereto.

20           **2.    Discovery Request and Work Product Objection**

21       Plaintiffs sought production of videotapes, as follows:

22           Please produce all audio and/or video depictions of Pasco
             plant slaughter, hides, and/or processing employees doing
23           activities which are at issue in this case, including any pre-

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE
VIDEOTAPES – Page 2

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1    production activities, post-production activities, meal break
     activities or production time activities in connection with go
2    [sic] to and returning from the rest room.

3    Exhibit 3 & ¶ 6 to Mark Dec. IBP responded as follows:

4            Defendant objects to this Request for Production because
     it is not limited in time, and is overly broad and unduly
     burdensome, seeks information that is irrelevant, not
5    reasonably calculated to lead to the discovery of admissible
     evidence, and is therefore beyond the scope of permissible
6    discovery under the Federal Rules of Civil Procedure.
     Defendant also objections that this request seeks information
     and documents immune from discovery under the work product
7    doctrine and documents and information subject to an attorney-
     client privilege.  Defendant also objects that, to the extent
8    that the Court in Alvarez has already made findings of fact and
     conclusions of law regarding the time measurements for certain
9    activities at the Pasco plant, such constitute collateral
     estoppel in this case, and thus, this request seeks information
     that is irrelevant.
10           Subject to and without waiving defendant's general and
     specific objections, defendant responds as follows:    Pursuant
11   to the amended protective order in Alvarez and the protective
     order in this case, defendant will not re-produce responsive
12   documents that were already produced in the Alvarez litigation.
     No formal time studies have been conducted at the Pasco plant
13   since the Alvarez trial.  **Some videotaping has been done at the
     Pasco plant at the direction of counsel, and counsel has done
     some videotaping themselves.  Such information is immune from
14   discovery under the work product doctrine and subject to an
     attorney client privilege, and will not be produced**.  Defendant
15   will produce any non-privileged or otherwise discoverable
     responsive documents and information in its possession for the
16   Pasco, Washington plant, to the extent that any such documents
     exist.

17   Id.(emphasis added).  No documents have been produced.  Id. at ¶ 7.

18        c.    **Changes at the Plant Since early 2002.**

19   Policies and practices have changed after the videotaping.  The

20   Alvarez opinion allots several minutes of donning, doffing and

21   activity time to workers who use Yellow Plastic Sleeves, also known

22   as "acid sleeves."  A January 11, 2002 memo from personnel to

23   Department Heads limits yellow plastic sleeve use to 21 job

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE
VIDEOTAPES – Page 3

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1  classifications.  Previously, many more classifications used yellow

2  plastic sleeves.  The scope of yellow plastic sleeve use prior to

3  January 11, 2002 is a likely issue at trial.  *See* Mark Dec. ¶ 8.

4  IBP maintains it eliminated its prior practice of requiring

5  employees to sort through large piles of glove pins each morning.

   *Alvarez* awarded 0.843 minutes daily sorting time for this activity.

6  Plaintiffs maintain that implementation of that change was wildly

7  sporadic, *i.e.*, limited to brief periods.  Winter 2001-02 videotapes

8  could provide invaluable evidence on this issue.  *Id.* at ¶ 9.

9  *Alvarez* awarded donning and doffing time for clear plastic

10 sleeves.  IBP's policy on use of clear plastic sleeves and leggings

   has vacillated during the past 8 months.  *See* Garcia Dec., Exhibit 4

11 to Mark Dec. ¶ 10.  Videotapes could prove invaluable evidence on

12 practices during the videotaped period.  Mericle Dec. ¶ 14.

13 These are just a few of the practices plaintiffs are currently

14 aware of.  There will be other issues that develop as discovery

15 continues.  Videotape serves as valuable evidence on many fronts,

16 including raw data for time studies. To the extent that specific

17 practices become fixed in time, videotape from these periods is

18 uniquely valuable.  Mericle Declaration ¶¶ 12 & 14.

19 **D.    Unequal Videotaping Access**

20 IBP has greater videotaping opportunities.

21 In *Alvarez*, defendant's experts made multiple videotaping trips

22 as part of a "preliminary study."  IBP cancelled the study after

23 preliminary results were similar or worse for IBP than plaintiffs'

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE
VIDEOTAPES – Page 4

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1  study.   IBP's experts would have had additional access if IBP had

2  not cancelled their study.  Mark Dec. at ¶ 11.  IBP already has *at*

3  *least* two sets of post-*Alvarez* videotapes.  At the same time, IBP

4  objected to plaintiffs' doing **any** videotaping.  Ex. 3 to Mark Dec.

5       In contrast, plaintiffs needed a successful motion to compel in

6  *Alvarez* to get plant access to their time study expert and his video

7  cameras.  In the present case, plaintiffs have *achieved* IBP's

8  consent to an on-site investigation, but only after blanket

9  objections, difficulty and delay.  Mark Dec. at ¶ 13.

10       **E.    Defendant Has Not Yet Made Initial Disclosures.**

11       Under Fed.R.Civ.P. 26(a)(1)(C), IBP had an initial disclosure

12  obligation to disclose all tangible things it "may use" to support

13  its claims or defenses.  IBP avoided its initial disclosure

14  obligations in early 2002, arguing it was too early to know what it

15  "may use" to support its claims or defenses because the case had not

16  yet been certified.  The Court gave credence to this position at the

17  parties' March 2002 status conference.

18       IBP has never supplemented its early non-disclosures.

19  Plaintiffs are seeking production of videotapes which – **based on the**

20  **record before the Court and information known to plaintiffs** – IBP

21  "may use" as evidence directly or by sharing with testifying

22  experts.

23

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE
VIDEOTAPES – Page 5

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

III. **ARUGMENT**[1]

    **A.**    **Assuming *Arguendo* the Tapes are Work Product, Plaintiffs Have "Substantial Need" Of Winter 2001-02 Videotapes, Because Changes At the Plant Make It Impossible to Replicate Winter 2001-02 Events.**

    Non-opinion work product has qualified immunity from disclosure, not an absolute privilege. *See E.g., Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 45 n.2 (W.D.Va. 2000). It is overridden where the party seeking discovery has "substantial need of the materials in the preparation of [his] .. case and that [he] is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).

    A majority of courts have held that videotapes of actual events (typically surveillance videos) meet the "substantial need" test because videotape "'fixes information available at a particular place under particular circumstances, therefore cannot be duplicated.'" *E.g., Gutshall* (quoting *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582, 586 (S.D.Tex. 1996)); *Reedy v. Lull Eng'g Co.*, 137 F.R.D. 405, 407 (M.D.Fla. 1991)(plaintiffs' attorney's videotape at time of accident).

---

[1] Plaintiffs do not address IBP's non-work product objections, such as burdensomeness and attorney client privilege, because they seem far fetched. Plaintiffs have agreed with IBP that the time period for the videotape is post-November 2, 1998 – the starting of the statute of limitations.

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE VIDEOTAPES – Page 6

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840 FAX (206) 340-1846

1    Throughout *Chavez*, IBP has been adjusting plant policies and

2    procedures.  In 2002, in particular, IBP has changed patterns of

3    employee use of yellow plastic sleeves, clear plastic sleeves and

4    leggings and glove pin distribution – all practices accounted for in

5    calculating unpaid work in *Alvarez*.  Plaintiffs have substantial

     need for videotapes taken at specific times throughout this case,

6    evidencing specific practices and procedures at the times the

7    videotapes were taken.

8    **B.    Assuming *Arguendo* the Tapes are Work Product, Plaintiffs**
         **Plaintiffs Have "Substantial Need" Of the Videotapes**
9        **Because of Gross Disparity In Access To The Plant.**

10   Defendants have free access to the plant.  They can videotape

     the class members performing unpaid work whenever they want to do
11
     so.  In *Alvarez* -- and herein - IBP has freely exercised its access.
12
     Already, IBP has engaged in at least two rounds of videotaping.

13   Plaintiffs encountered stiff objections herein to **any** access

14   for videotaping.  *See* Exhibit 5 to Mark Dec. (lengthy objections to

15   **any** videotaping by plaintiffs).  Plaintiffs had to go through a

16   drawn out rule 37 process to get into the plant for one videtaping

17   visit.  Id. at ¶ 13.  Defendants are extremely unlikely to agree to

     more than one visit.  Moreover, plaintiffs' must incur enormous
18
     expenses to videotape, particularly as contrasted with IBP.
19
     The videotaping is itself mundane – point and shoot at openly
20
     performed unpaid work activities.  Class members are being

21   videotaped performing their daily routine.  Plaintiffs do not seek

22   to benefit from any analysis or fancy litigation preparation by

23   defendants.  Rather, they seek to restore some semblance of balance

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE
VIDEOTAPES – Page 7

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1    with regard to access to the raw material that is the gist for time

2    study analysis.  Dr. Mericle Declaration ¶ 11-12.

3       **C.    IBP Will Not Meet Its Burden of Proof that the Videotapes
              are Work Product.**

4       A party asserting the work product doctrine has the burden of

5    proving it applicable.  *E.g., Resolution Trust Corp. v. Dabney*, 73

6    F.3d 262, 166 (10th Cir. 1995).  "A mere allegation that the work

7    product doctrine applies is insufficient."  *Id.*

8       The doctrine is designed to "guard against divulging the

     attorney's strategies and legal impressions" and "does not protect

9    facts concerning the creation of the work product or facts contained

10   within the work product."  *Id.*

11      The work product doctrine applies to "documents and things

12   prepared in anticipation of litigation or for trial."  *Griffin v.

13   Davis*, 161 F.R.D. 687, 698-99 (C.D.Cal. 1995).  It does "not protect

14   materials assembled in the ordinary course of business."  *Id.;*

     *accord Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D.Cal.

15   1992)(police reports established to provide fair and impartial

16   investigations of alleged misconduct regardless of whether

17   litigation is anticipated).  Materials prepared in the ordinary

18   course of business are subject to discovery even if litigation is

19   already a prospect.  *Sanders v. Alabama State Bar*, 161 F.R.D. 470,

20   472-73 (M.D.Ala. 1995).

21      Herein, IBP has failed to provide unprivileged details about

22   the videotaping that would enable plaintiffs or the Court to

     determine work product issues.  Plaintiffs requested these details

23

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE
VIDEOTAPES – Page 8

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1  in their interrogatory request (Ex. 2 to Mark Dec.) and again at the
2  rule 37 conference.  Mark Dec. ¶ 15.  Although a privilege log was
3  promised it has not been provided.  *Id.*  This is particularly
4  critical as to the pre-2002 videotaping that IBP counsel twice
   disclaimed any knowledge about.  Plaintiffs had a right to know who
5  videotaped? when? how many times? why? and at whose directions?
6      IBP has an Industrial Engineering Department that engages in a
7  great deal of videotaping and work motion study.  So, for example,
8  they perform quarterly Wage and Hour Compliance Audits (which have
   been produced herein).  IBP conduct audits of plastic sleeve and
9  legging usage (also produced herein).  Mark Dec. ¶ 15.  After
10 *Alvarez*, IBP would have been expected in its ordinary course of
11 business to change the procedures that subjected it to liability.
12 It would have been odd for IBP to make changes without industrial
13 engineering involvement - in the ordinary course of business.
14     Raw videotape records events occurring in full view of
15 everyone, not warranting work product protection.  It is simple
16 point and shoot videotaping.  Mericle Dec. ¶ 11.  In *Alvarez*, IBP
17 insisted on - and was allowed to - follow plaintiffs' videographers
   with IBP attorneys and industrial engineers when in-plant
18 videotaping occurred.  Mark Dec. ¶ 16.  These forays were simply to
19 collect raw data - facts as they occurred. Mericle Dec. ¶ 12.
20     **D.    IBP Must Produce Videotapes It "May Use" At Trial.**
21     Under Fed.R.Civ.P. 26(a)(1)(B), defendants were required to
22 disclose - as part of initial disclosure obligations - all tangible
23 things that they "may use" to support its claims or defenses.

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE
VIDEOTAPES – Page 9

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

1       IBP made minimal disclosures in February 2002, arguing that it

2 could not know what it might use in this case prior to class

3 certification.  Seven months later, defendants have not supplemented

4 their initial non-disclosures.  Presumably now, 1100 class members

5 later, defendants realize the scope of the litigation.  They must

6 disclose videotapes and other tangible items that they "may use" in

this litigation.  Initial disclosures are long overdue.

7       Plaintiffs time study expert, Dr. Kenneth Mericle, could use

8 videotape segments for his time study analysis.  However, he will be

9 deprived of that opportunity, if the videotapes are produced shortly

10 before trial - after expert reports are due - as happened in

11 *Alvarez*.  Mericle Dec.¶ 10; *see* Mark Dec.¶ 14.

**IV. CONCLUSION**

12       Plaintiffs respectfully request that their motion be granted

13 for the above-stated reasons.

14 DATED this _____ day of September, 2002.

15

16                  SCHROETER GOLDMARK & BENDER

17

18                  William J. Rutzick, WSBA# 11533
                 Kathy Goater, WSBA No. 9648

19

20                  LAW OFFICE OF DAVID N. MARK

21

22

23                  David N. Mark, WSBA No. 13908
                 Attorney for Plaintiffs

LAW OFFICE OF
DAVID N. MARK
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 340-1846

ei050134 9/5/02