THE HONORABLE EDWARD F. SHEA

Barbara J. Duffy (WSBA No. 18885)
Douglas E. Smith (WSBA No. 17319)
Nancy W. Anderson (WSBA No. 23031)
LANE POWELL SPEARS LUBERSKY LLP
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 14 2002

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| MARIA CHAVEZ, et. al., individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>IBP, inc., et. al.,<br><br>Defendants. | CLASS ACTION<br>NO. CT-01-5093-EFS<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY PENDING NINTH CIRCUIT'S FINAL DECISION ON RULE 23(f) APPEAL OF ORDER GRANTING RULE 23 CLASS CERTIFICATION** |

## I. INTRODUCTION AND STATEMENT OF FACTS

On October 28, 2002, the Court issued an order and supporting memorandum certifying under Rule 23(b)(3) a class of plaintiffs with state-law claims. See Order Granting Plaintiffs' Motion Re State Claim Supplemental Jurisdiction and Rule 23(b)(3) Certification ("Certification Order"). On November 4, 2002, the Court issued another order requiring the parties to convene for a telephonic scheduling conference on December 17, 2002, to discuss proposed notices to be sent to the class and a proposed schedule for this case in light of the Certification Order. See Order Directing Filing of Proposed Notices ("Notices Order").

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

On November 7, 2002, defendants filed an application in the Ninth Circuit pursuant to Rule 23(f) for leave to appeal the Court's Certification Order. See Exhibit A ("Rule 23(f) Application") to the Declaration of Barbara J. Duffy ("Duffy Decl."). Although Rule 23(f) does not automatically stay proceedings in the district court, the Rule contemplates that the district court may do so. The Third Circuit has twice accepted a Rule 23(f) application for leave to appeal class certification under what plaintiffs here have characterized as "identical" facts and issues to this case. See Rule 23(f) Application, Exhibits C, D and E to Appendix; see also Duffy Decl., ¶¶ 3-5 and Exhibits B and C thereto. One of the cases, De Asencio v. Tyson, involved the same defendant, Tyson. In De Asencio, the district court granted Tyson a stay pending the Rule 23(f) petition. See Duffy Decl., ¶ 6 and Exhibit D thereto. Both of the cases involved the compensability of donning and doffing activities. See Rule 23(f) Application, Exhibits C, D and E to Appendix. The Third Circuit's acceptance of these Rule 23(f) applications makes it more likely than not that the Ninth Circuit will grant defendants' Rule 23(f) Application in this matter.

Defendants respectfully move this Court for a stay of proceedings pending consideration of defendants' application for leave to appeal and, if the application is granted, pending consideration by the Ninth Circuit of the subsequent appeal. Without the stay, the parties will be compelled to engage in an extensive notice process involving 3,900 putative class members. Moreover, defendants previously advised the Court that they intend to take brief depositions of a sampling of "class members." See Duffy Decl., ¶ 9, and Exhibit E thereto. The addition of 2,800 new

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 2

115386.0006/966100.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

class members to the existing 1,100 opt-in plaintiffs may expand the necessary number of depositions (originally set at 60 for the FLSA collective action). Further, defendants cannot be assured that their "sampling" is a fair representation of the class composition until the class composition is finally resolved. If the Rule 23 determination of this Court is ultimately upheld, the universe of deponents will greatly change, and more depositions may need to be taken. If the determination is reversed, those depositions could be irrelevant. Finally, the addition of 2,800 class members will compel defendants to bring motions to dismiss state-law claims of class members for whom the five named representatives are not "representative" within the meaning of a Rule 23 class action. See Duffy Decl., ¶¶ 8 to 11, and Exhibits F and G thereto. All of these proceedings may be mooted by defendants' Rule 23(f) appeal. For these reasons, the Court should grant a stay to prevent the unnecessary waste of the parties' and the Court's resources.

## II. ANALYSIS

**A.    This Court Has Discretion To Stay Proceedings In This Matter Pending A Final Decision On Defendants' Rule 23(f) Appeal.**

Rule 23(f) provides this Court with discretion to grant a stay pending the disposition of defendants' Rule 23(f) appeal to the Ninth Circuit. See Fed. R. Civ. P. 23(f); accord, e.g., Newton v. Merrill Lynch, Pierce, Fenner & Smith, 259 F.3d 154, 165 n. 6 (3rd Cir. 2001); Lienhart v. Dryvit Sys Inc., 255 F.3d 138, 142 (4th Cir. 2001) (citing Rule 23(f)); In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 3-6 (D.D.C. 2002); Ramirez v. DeCoster, 203 F.R.D. 30, 40 (D. Me. 2001); Robinson v. Sears, Roebuck and Co., 111 F. Supp. 2d 1101, 1130 (E.D. Ark. 2000).

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 3

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

**B.  Other District Courts Have Favorably Addressed Granting a Stay of District Court Proceedings Pending a Rule 23(f) Application and Appeal.**

The district courts in <u>Lorazepam</u>, <u>Ramirez</u>, <u>Robinson</u> and <u>De Asencio v. Tyson</u>, all favorably addressed granting a stay of district court proceedings as contemplated by Rule 23(f). In <u>Lorazepam</u>, the defendants petitioned the court of appeals for review of the district court's class certification order pursuant to Rule 23(f). Prior to any decision on the defendants' petition, the defendants filed a motion to stay further proceedings in the district court pending final resolution of their Rule 23(f) petition. 208 F.R.D. at 2-3. Facing the prospect of moving forward with expensive and time-consuming discovery and other proceedings, only to have it all mooted by a decision reversing or even remanding the district court's certification order, the district court stayed proceedings pending resolution of the defendants' Rule 23(f) appeal, stating:

> In summary, a flexible balancing of the factors considered above reveals that while the denial of a stay at this juncture would cause no irreparable harm as a matter of law, proceeding headlong with discovery and other matters before this Court has the very real potential of unnecessarily wasting significant resources of all parties (potentially even those of absent class members) and the Court, because two significant issues are currently pending before the Court of Appeals, one which could dispose of this litigation while the other could substantially reshape it. <u>A short stay of all matters pending a decision from the Court of Appeals is therefore warranted</u>.

<u>Id.</u> at 6 (emphasis added). The parties in this matter are facing extensive classwide discovery, notice and motion procedures directed at absent class members who chose not to opt into the FLSA collective action. If the Ninth Circuit determines that this Court does not have (or should not exercise) subject matter jurisdiction over the state-law-only class, this Court's certification of the state-law Rule 23 class will be

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 4

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

reversed and all of these classwide proceedings will have been for naught. To avoid wasting significant resources of all parties (including absent class members) and this Court, all proceedings in this matter should be stayed pending a final decision by the Ninth Circuit. See Lorazepam, 208 F.R.D. at 6.

In Ramirez, the district court, anticipating a Rule 23(f) appeal of its order granting class certification, issued a *sua sponte* stay of the trial court proceedings pending a ruling by the court of appeals should a timely appeal be filed. 203 F.R.D. at 40. The district court even urged the court of appeals to accept a Rule 23(f) appeal if one were filed, commenting that, as the parties and the court were certain to continue investing "enormous resources" in the case, an immediate ruling on the appropriateness of the class certification was warranted. Id. at 40. In Robinson, the district court, recognizing that its decision to grant class certification raised novel and unsettled issues and was potentially appealable under Rule 23(f), noted that it would consider staying the proceedings in the trial court were it asked to do so. 111 F. Supp. 2d at 1130. In De Asencio v. Tyson, the district court granted a stay pending Tyson's Rule 23(f) petition under facts and issues plaintiffs here have characterized as "identical" to this case. Ramirez, Robinson and De Asencio v. Tyson demonstrate the openness of district courts to granting stays pending Rule 23(f) appeals both to preserve judicial and party resources and to encourage the resolution of novel and unsettled issues of law in the area of class certification.

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 5

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

### C. This Court Should Stay the Proceedings in this Matter Pending a Final Resolution of Defendants' Rule 23(f) Appeal.

Defendants could locate only one published opinion addressing the standard for granting a stay pending a Rule 23(f) appeal in any detail. In Lorazepam, the district court stated that its decision whether to grant such a stay was a discretionary matter to be informed by a "flexible application" of the balancing test used to consider preliminary injunctive relief and other stays pending appeals. 208 F.R.D. at 3 (emphasis added). This Court should therefore follow a flexible application of the Ninth Circuit's standard for granting preliminary injunctions, whereby the moving party must show "either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." See Immigrant Assistance Project of the Los Angeles County Fed'n of Labor v. Immigration and Naturalization Serv., 306 F.3d 842, 873 (9th Cir. 2002) (citations omitted); accord, Lands Council v. Vaught, 198 F. Supp. 2d 1211, 1254 (E.D. Wash. 2002). These two alternatives (likelihood of success on the merits and balance of hardships) represent extremes of a single continuum, rather than two separate tests. INS, 306 F.3d at 873.

The Lorazepam test for preliminary injunctions and the "continuum" used by the Ninth Circuit are in actuality two different pronouncements of the same standard. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). As set forth below, the analysis of the standard by the Lorazepam court is therefore instructive in analyzing the analogous prongs of the Ninth Circuit's continuum. Under the flexible Lorazepam analysis, defendants meet the Ninth Circuit

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 6

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

standard. Defendants have a likelihood of success on the merits and the balance of hardships tips in their favor. Further, as the Ninth Circuit permits this Court to consider the public interest where such is implicated, this additional prong counsels in favor of a stay in this matter.

### 1. Defendants have a Likelihood of Success on the Merits.

The court in <u>Lorazepam</u> identified two "layers" of analysis for this prong: (1) success in obtaining permission to appeal class certification order; and (2) success in showing reversible error by the district court in granting class certification. 208 F.R.D. at 4. As to the first "layer" of the analysis, it is not necessary to wait until the Court of Appeals has ruled on the pending petition. Rather, the issue is whether it seems "more likely than not" that the Court of Appeals will grant the Rule 23(f) petition. <u>Id.</u> at 5. Rather than second-guess its own ruling, the district court need only acknowledge the importance of the issues involved and the plausibility that the Court of Appeals may have a different view. <u>Id.</u> As to the second "layer" of analysis, the court in <u>Lorazepam</u> first noted the difficulty of making such a determination, given that "[t]he Court's view of the merits of Defendants' standing arguments is clear from its previous decision." <u>Id.</u> Nevertheless, the court acknowledged that "partial reversal is possible and not insignificant" and that "the class size could be significantly altered even if the Court of Appeals only partially reverses" the class certification order. <u>Id.</u> Therefore, the court concluded, "[b]ecause partial reversal is a plausible outcome and the impact of such a reversal is potentially dispositive . . . the Court finds that this factor ultimately weighs in favor of a stay . . . ." <u>Id.</u> at 6.

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 7

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

This case satisfies both "layers" of the <u>Lorazepam</u> analysis for likelihood of success on the merits. First, defendants have raised "issues of significant importance" that have never been squarely addressed by the Ninth Circuit. These issues concern the appropriateness of certifying a Rule 23 opt-out class of state-law-only plaintiffs who have already elected not to participate in the FLSA collective action. The Third Circuit has twice accepted a Rule 23(f) application for leave to appeal class certification under what plaintiffs here have characterized as "identical" facts and issues to this case. One of the cases involved the same defendant, Tyson. Both of the cases involved the compensability of donning and doffing activities. Given the importance of these issues, it "seems more likely than not" that the Court of Appeals will grant defendants' Rule 23(f) application here. <u>Id.</u> at 5.

This case also meets the second "layer" of the <u>Lorazepam</u> court's analysis. The test for likelihood of success on the merits is <u>not</u> whether the district court has already ruled against the appealing party on the issues being appealed. See <u>Lorazepam</u>, 208 F.R.D. at 5. If that were the standard, no Rule 23(f) stay would ever be granted. Rather, the test is whether "reversal [of the Certification Order] is a plausible outcome," and the potential impact that reversal might have on the litigation. <u>Id.</u> at 6. Here, reversal of the Certification Order is at least plausible and would be "potentially dispositive" as to the approximately 2,800 potential plaintiffs who have not raised a claim under the FLSA. At the very least, defendants have raised serious questions as to the merits of the Court's order. Under these circumstances, the element of likelihood of success on the merits weighs in favor of granting a stay.

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 8

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

### 2. The Balance of Harms Favors a Stay.

The other portion of the Ninth Circuit's continuum requires consideration of the balance of harms to the respective parties presented by granting a stay. See INS, 306 F.3d at 873. The balance of harms favors a stay. The parties will be forced to engage in procedures associated with mailing notices to 3,900 class members. Moreover, defendants will need to take numerous depositions of absent class members that otherwise would not be necessary and which may not ultimately be a fair "sampling" of the final class composition. The parties are bound to spend enormous resources on motions related to the claims of the absent class members. These efforts, once done, cannot be undone, even if the Ninth Circuit later rules in defendants' favor.

On the other hand, granting a stay will inflict absolutely no costs or harms on plaintiffs. The statute of limitations is not running on the state-law claims. "Any inherent harm stemming from an approximately two-month stay, when juxtaposed to the potential magnitude of a decision by the Court of Appeals on the issue before it, is simply *de minimis* . . . ." 208 F.R.D. at 6. Accordingly, the balance of harms tips decidedly in favor of defendants and weighs in favor of granting a stay.

### 3. The Public Interest Favors a Stay.

This Court has recognized that the public interest should also be considered when determining whether to grant an injunction or other stay. See Lands Council, 198 F. Supp. 2d at 1254. The Lorazepam court held that the public interest lies in granting a stay to ensure a correct legal result:

> [T]he public interest really is rooted in the *proper* resolution of the important issues raised in this case, and a two-month stay to conserve the

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 9

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1

resources of all parties and the Court, resulting in no real prejudice to anyone, in order to ensure the proper legal result in this case is best aligned with that interest.

208 F.R.D. at 6 (emphasis added). The public interest also lies in avoidance of class notice where it might reasonably be retracted. The issuance of notice has significant legal consequences for class members, requiring them to determine whether to remain in the class or opt out. Members of the class likely will rely on the notice once they receive it. Class members should not be required to make these decisions until it is clear that the class action is legally proper and will go forward. Cf. Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1410-11 (9th Cir. 1989) (recognizing a reliance interest in the class action by class members). Finally, the public interest lies with avoiding the waste of judicial resources. Denying a stay would raise "the very real potential of unnecessarily wasting significant resources of all parties (potentially even those of absent class members) and the Court . . . ." Lorazepam, 208 F.R.D. at 6.

## III. CONCLUSION

Defendants request that the Court stay all further proceedings in this action pending a final decision by the Ninth Circuit on defendants' Rule 23(f) appeal.

DATED this 13th day of November, 2002.

LANE POWELL SPEARS LUBERSKY LLP

By _____
Barbara J. Duffy, WSBA No. 18885
Douglas E. Smith, WSBA No. 17319
Nancy W. Anderson, WSBA No. 23031
Attorneys for Defendants

DEFTS' MTN. FOR STAY PENDING 9TH CIRCUIT'S
FINAL DECISION ON RULE 23(f) APPEAL - 10

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0006/966100.1