SPOKANE MESSENGER &
PROCESS SERVICE
164 S. WASHINGTON, 400
SPOKANE, WA 99201

HON. ROBERT H. WHALEY

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 02 2004

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

WILLIAM RUTZICK, WSBA #11533
KATHRYN GOATER, WSBA #9648
**SCHROETER, GOLDMARK & BENDER**
Central Building, Suite 500
810 Third Avenue
Seattle, Washington 98104
206/622-8000 (telephone)
206/682-2305 (facsimile)

DAVID N. MARK, WSBA #13908
**LAW OFFICE OF DAVID N. MARK**
Central Building, Suite 500
810 Third Avenue
Seattle, WA 98104
206/340-1840 (telephone)
206/340-1846 (facsimile)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

MARIA CHAVEZ, RANULFO
GUTIERREZ, PAZ ARROYO,
ANTONIO MARTINEZ, SILVERIO
DIAZ, individually and as class
representatives,
                Plaintiffs,
v.

IEP, inc., LASSO ACQUISITION
CORPORATION, TYSON FOODS,
INC., all Delaware corporations,

                Defendants.

No. CT-01-5093-RHW

**ORAL ARGUMENT REQUESTED**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE TIMELY DISCLOSURE OF THE IDENTITIES OF THE CLASS MEMBERS THAT PLAINTIFFS INTEND TO CALL AS TRIAL WITNESSES

**ORIGINAL**

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.
P:\38214900 P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 110 Third Avenue • Seattle, WA 98104
206) 622-8000

## I. INTRODUCTION AND EVIDENCE RELIED ON

This case was filed in November of 2001 and included class action claims pursuant to Fed. R. Civ. P. 23. Plaintiffs did not move for class certification pursuant to Rule 23 until May 2002. The order granting plaintiffs' motion was not entered until late November 2002. During that more than 12 month period between the case being filed and the order granting Rule 23 class certification, there was no impediment whatsoever to defendants talking to putative class members about their work experiences. See, e.g., Manual for Complex Litigation (3d) §30.24. Indeed, defendants were free to talk with putative class members at any time prior to the close of the opt-out period, which was July 10, 2003, for most class members. See Def. Mem., p. 7, n. 3. Thus, defendants were free to talk with and, presumably did talk with, putative class members for more than 18 months after the case was filed.

Plaintiffs' decision as to which witnesses to choose is in large part dependent on information which was supplied, yesterday, March 1st, by defendants. As explained in the attached Declaration of David Mark, a significant amount of information about potential witnesses was requested by plaintiffs in 2003, and was due by January 20, 2004. Plaintiffs now have to retrieve this information which is currently contained in computer disks, and which will require the services of someone more skilled with computers than

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 1
P:\38214900\P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 110 Third Avenue • Seattle, WA 98104
206) 622-8000

plaintiffs' attorneys. Thus, defendants' failure to provide requested information in a timely fashion, has prevented plaintiffs from doing the necessary leg work to determine witnesses for the time period after mid-2000. As the Court knows, the issues prior to that time were previously litigated and plaintiffs presently expect to use as witnesses for that prior time period predominately those witnesses who testified at the prior trial both for the plaintiffs and for the defendants. Defendants obviously are aware of that testimony, including cross-examination, which defendants have characterized as involving "some fact investigation." Def. Mem., p. 2.[1]

## II. ARGUMENT

### A. The Federal Rules And Applicable Case Law Are Generally Inconsistent With Defendants' Position.

The Fourth, Fifth, Eighth and Tenth Circuits have all reversed trial courts which, in FLSA cases, required the plaintiff to list all witnesses prior to the close of discovery. See Wirtz v. B.A.C. Steel Prods., Inc., 312 F.2d 14 (4th Cir. 1961); Wirtz v. Continental Fin. & Loan Co. of West End, 326 F.2d 561 (5th Cir. 1964); Brennan v. Engineered Products, Inc., 506 F.2d 299 (8th Cir. 1974);

---

[1] Issue preclusion relative to that testimony is still an open issue. See, e.g., Def. Mem., p. 7, n. 4.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 2
P:\138214900\P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

<u>Brock v. R.J. Auto Parts and Service, Inc.</u>, 864 F.2d 677 (10th Cir. 1988). For example, in <u>Wirtz v. B.A.C.</u>, 312 F.2d at 16, the Fourth Circuit held:

> We now consider that aspect of the trial court's order of October 25 requiring the plaintiff to furnish the defendants with a list of all of the witnesses which he expected to call. Whatever may be the rights of a party to require its adversary to disclose the names of his witnesses in a pre-trial hearing which takes place in contemplation of a trial at a specified time in the near future, we do not interpret the Code as requiring in general such a disclosure at the discovery stages of litigation. This is clearly the majority view. *Barron and Holtzoff, Federal Practice and Procedure* Vol. 2A §766 at page 305.

In <u>Brennan v. Engineered Products, Inc.</u>, 506 F.2d at 303, n. 2, the court explained:

> It is settled law that a party in a civil action can ordinarily discover from his opponent the names of those persons known to have information relevant to the lawsuit. From the beginning, the Secretary produced such a list. It is equally settled that discovery is not ordinarily the proper stage in litigation to compel from an opponent the names of his prospective *witnesses*.
>
> .... We do not say that a District Court may never compel complication or production of witness lists at the discovery stage. But we do note that it is rare for a trial court to do so, and the infrequency of such an order should be borne in mind when assessing the propriety of the discovery order here.

That is consistent with Fed. R. Civ. P. 26(a)(3) which provides that pretrial disclosures of witnesses must be made at least 30 days before trial unless otherwise directed by the court.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC. - 3
P:\38214900\P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 110 Third Avenue • Seattle, WA 98104
206) 622-8000

At least 10 published District Court cases come to a similar result. See Fidelis Fisheries v. Thorden, 12 F.R.D. 179 (S.D.N.Y. 1952); Aktiebolaget Virgos v. Clark, 8 F.R.D. 635 (D.C.D.C. 1949); United States v. Procter & Gamble Co., 25 F.R.D. 252 (D.C.N.J. 1960); Jackson v. Kroblin Refrigerated Xpress, Inc., 49 F.R.D. 134 (D.C.W. Va. 1970); Anderson v. United Air Lines, Inc., 49 F.R.D. 144, 148 (D.C.N.Y 1969); Reddick v. White Consl. Indust., Inc., 295 F. Supp. 243 (D.C. Ca. 1968); St. Paul Fire & Marine Ins. Co. v. King, 45 F.R.D. 521, 523 (D.C. Okl. 1968); Griffin v. Memphis Sales & Mfg. Co., 38 F.R.D. 54 (D.C. Miss. 1965); Richards v. Maine Cent. R.R., 21 F.R.D. 595 (D.C. Me. 1957); Central Hide & Rendering Co. v. B-M-K Corp., 19 F.R.D. 294 (D.C. Del. 1956).

Defendants cite only one of these cases, but cite four other federal cases for the proposition that "[i]t is not uncommon for a court to require a party to disclose the identities of its witnesses during the discovery process." Def. Mem., p. 3, citing, Hardy v. Johns-Manville Sales Corp., 681 F.2d 334 (5th Cir. 1982); EEOC v. Metro Museum of Art, 80 F.R.D. 317 (S.D.N.Y 1978); United State v. 216 Bottles, More or Less, 36 F.R.D. 695 (E.D.N.Y. 1965); United States v. Shubert, 11 F.R.D. 528 (S.D.N.Y. 195); Kling v. Southern Bell Telephone & Telegraph Co., 9 F.R.D. 604 (S.D. Fla. 1949). Def. Mem. pp. 3-4. However, these cases provide substantially less support for defendants' position than

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 4
P:\ 38214900 P\OppMotDisclosureClassMcm 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
206) 622-8000

defendants' discussion implies. For example, defendants' citation is to page 352 to Hardy which is not to the text of the Fifth Circuit opinion. Rather, it is a portion of a proposed order by the District Court contained in an Appendix. Furthermore, the opinions in United States v. Shubert, supra; United State v. 216 Bottles, More or Less, supra; and Kling, supra, all contemplated that plaintiffs would be able to supplement their lists of witnesses as time progressed. This is in direct contrast to defendants' request that plaintiffs' list of witnesses must be finally disclosed 60 days before the discovery cutoff. Indeed, since this motion is not set to be decided until March 19, 2004 (which is less than 60 days before the discovery cutoff), defendants in effect seek an order which would automatically put plaintiffs in default if plaintiffs have the temerity to oppose defendants' motion and wait for the Court's ruling.

Defendants' motion is also inconsistent with the Scheduling Order now in effect in this case which was entered by Judge Shea on April 14, 2003 and requires that non-expert witnesses need not be identified until July 3, 2004.

Defendants on several occasions asked the Court to require disclosure of witnesses before the discovery cutoff. See Declaration of Barbara Duffy dated November 26, 2000, Defendants' Memorandum In Opposition To Plaintiffs' Proposed Trial Schedule dated December 3, 2000, and Declaration of Barbara Duffy in Opposition to Plaintiffs' Proposed Trial schedule dated December 3,

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 5
P:\38214900\P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 110 Third Avenue • Seattle, WA 98104
206) 622-8000

2002, all of which are attached to defendants' motion. Plaintiffs disagree with that position.[2] Judge Shea did not adopt defendants' position in fashioning the April 14, 2003 Scheduling Order. The same is true of the discussion referenced in Mr. Mueller's declaration of February 13, 2004, also attached to defendants' motion. The comments of Judge Shea referenced by Mr. Mueller took place at an April 9, 2003 hearing, which was the hearing that <u>preceded</u> the April 14, 2003 Order. In his order Judge Shea did not adopt defendants' position and did not order plaintiffs to disclose all of their witnesses during the discovery period.[3]

**B. Compelling Plaintiffs To Disclose Their Potential Witnesses By March 16, 2004, Is Both Burdensome And Prejudicial To Plaintiffs.**

As the Declaration of David Mark demonstrates, defendants turned over yesterday, more than six weeks after it was due, information that plaintiffs need to choose their witnesses. He explains:

> 2 Defendants' October 2002 through December 2003 electronic payroll record production was due January 20, 2003 – but was not produced until 6 weeks later on March 1, 2004. . . . .
> 3 Plaintiffs' counsel sought and received assurances that plaintiffs would accommodate plaintiffs with regard to difficulties caused by the delayed production.
> 4 Plaintiffs need the October 2002 through December 2003 payroll records to select witnesses. Plaintiffs can shorten their case-in-chief by selecting witnesses who worked throughout the class period and worked a variety of jobs. The October 2002-December 2003 payroll records are a critical piece in selecting

---

[2] See Attachment 1 to the Declaration of William Rutzick dated March 2, 2004.
[3] See Declaration of Kathy Goater dated March 2, 2004.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL, ETC.- 6
P:\ 38214900.P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building · 310 Third Avenue · Seattle, WA 98104
206) 622-8000

witnesses who can do this – it covers about half of the post-*Alvarez* period. . . . .

Without any support whatsoever, apart from the fact that the named plaintiffs and plaintiffs' counsel were also involved in the <u>Alvarez</u> case, defendants argue:

> Given this level of experience, plaintiffs undoubtedly already know essentially what the presentation of their case will entail and therefore can easily ascertain which class members they will be calling to testify at trial.

Def. Mem., p. 7. If that were true, then defendants and their counsel or former counsel, would also know who the witnesses are. However, that is not true, *inter alia*, because plaintiffs need the pay records which they were just provided with yesterday. <u>See</u> David Mark Dec.

As discussed above, the great bulk of the witnesses relating to the <u>Alvarez</u> time period, will be those who testified in the <u>Alvarez</u> trial. Presumably, defendant will not have to depose them, given their prior testimony. However, if defendants wish one or more of their remaining depositions to be of those people, they are free to note them now. The witnesses covering the post-<u>Alvarez</u> trial time period, cannot be selected until this new data is analyzed because plaintiffs are trying to minimize the number of witnesses they need to call at trial.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 7
P:\ 38214900\P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 110 Third Avenue • Seattle, WA 98104
206) 622-8000

### C. This Motion Is An Untimely Attempt To Revised The Scheduling Order To Plaintiffs Disadvantage, And Require Defendants To Make Plaintiffs Do Defendants' Work For Them.

Defendants have done almost no discovery in this case for the past two years. Plaintiffs received today several hundreds of pages of documents and three CD-ROMs, including Requests For Admissions. The Requests For Admissions are due in 30 days, and could have been filed by defendants two months ago or four months ago. While the responses may well narrow the factual issues in this case, there is no basis for requiring plaintiffs to disclose all of their witnesses in about a week, well before even that discovery is due.

Furthermore, defendants never moved for reconsideration of the present Scheduling Order. Similarly, defendants waited until February 17, 2004, to make this motion, which was then noted for less than 60 days before the discovery cutoff.

Defendants also argue:

> This Court has previously acknowledged the reasonableness of defendants' request and the lack of prejudice to plaintiffs. Specifically, during a telephonic hearing on November 20, 2003, Judge Whaley expressed an understanding for the defendants' need to know the identity of plaintiffs' trial witnesses to conduct discovery on those individuals.

Def. Mem., p. 8. Plaintiffs acknowledge defendants' interest in knowing the identity of plaintiffs' trial witnesses. However, that interest has to be weighed together with defendants' responsibility to supply in a timely fashion the

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 8
P:\38214900 P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 310 Third Avenue • Seattle, WA 98104
206) 622-8000

discovery which plaintiffs' need to choose witnesses. In November, 2004, plaintiffs had no way of knowing that defendants would not supply the required information in a timely fashion. However, defendants have known about this problem since at least January 20, 2004, and it took defendants an additional six weeks to resolve the problem. Furthermore, plaintiffs have a legitimate and important interest in having the amount of time to designate witnesses called for by the existing Scheduling Order. The six-week delay discussed above only emphasizes why it is important to have the amount of time called for in the current Order.

Finally, it is unfair to plaintiffs to have to finally choose witnesses and then allow defendants to depose them without a "safety valve" in the event that the deposition demonstrates problems with the witness's memory or other issues going to credibility. That is why even those cases cited by defendants which called for the disclosure during the discovery period of witnesses permitted plaintiffs to supplement their witness disclosure. As the court explained in Fidelis Fisheries v. Thorden, supra, 12 F.R.D. at 180:

> Moreover, there is inherent disadvantage to a party to compel him to state in advance of trial those witnesses he intends to call. In the practical conduct of trials, circumstances may cause an experienced trial lawyer to dispense with a witness' testimony after first contemplating it. Reasons readily suggest themselves. ....; a witness, as sometimes witnesses do, may have suffered a lapse of memory on the eve of trial, or his testimony, while generally

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 9
P:\38214900 P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 110 Third Avenue • Seattle, WA 98104
206) 622-8000

supporting the version of a party's other witnesses may in a signal aspect differ and be contradictory and so harmful rather than helpful to the theory of his case.

## III. CONCLUSION

For the foregoing reasons, defendants motion should be denied.

DATED this 2nd day of **March, 2004.**

        Respectfully submitted,

        SCHROETER, GOLDMARK & BENDER

        _____
        WILLIAM RUTZICK, WSBA #11533
        KATHRYN GOATER, WSBA #9648

        LAW OFFICE OF DAVID N. MARK

        _____
        DAVID N. MARK, WSBA #13908

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL, ETC.- 10
P:\1:821490()\P\OppMotDisclosureClassMem 030204.doc

SCHROETER GOLDMARK & BENDER
500 Central Building · 810 Third Avenue · Seattle, WA 98104
(206) 622-8000