FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 25 2004

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA CHAVEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IBP, Inc., LASSO ACQUISITION CORPORATION, and TYSON FOODS, INC., all Delaware corporations,<br><br>Defendants. | NO. CT-01-5093-RHW<br><br>**ORDER ADDRESSING DEFENDANTS' MOTION** |

Before the Court is Defendants' Motion For Leave of Court to Serve Questionnaires (Ct. Rec. 418); Motion for Leave of Court to Cite Unpublished Opinions (Ct. Rec. 420); and Motion to Compel the Timely Disclosure of the Identity of Class Members that Plaintiffs intend to call as Trial Witnesses (Ct. Rec. 422). A telephonic hearing was heard on the matter on March 24, 2004. Plaintiffs were represented by David Mark and William Rutzick; Defendants were represented by Michael Mueller, Allison Balus, and Robert Tenney.

In its first motion, Defendants move the Court for an order requiring all members of Plaintiffs' class to answer a written questionnaire and to provide the answers within 10 days of receipt. The questionnaire would be sent to approximately 3,000 to 5,000 class members. Defendants justify the request on the grounds that it will help them identify those class members that they want to depose prior to trial and to assist in selecting their own witnesses for trial.

**ORDER ADDRESSING DEFENDANTS' MOTION ~ 1**

Discovery of absentee or unnamed class members is "neither prohibited nor sanctioned explicitly" by the Federal Rules of Civil Procedure. *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995). It is within "the court's discretion to utilize this procedure except when it only will confuse the absentees, some class members can demonstrate that it will prejudice their rights, it will be employed prematurely or administered in an inappropriate fashion, or it will serve only to reduce the efficiencies of the class action." 7B Charles Alan Wright *et al.*, Federal Practice and Procedure § 1787 at 218-19 (2d ed.1986). The party moving to include the questionnaire has the burden of proving necessity. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974). Generally speaking, "an absent class-action plaintiff is not required to do anything." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985).

Here, the Court finds that no good reason exists for the granting of Defendants' motion. Defendants' request comes at a late hour. Discovery ends on May 15, 2004, approximately three months from the filing of Defendants' motion. At the December, 2002 hearing, it was revealed that Defendants had not conducted any deposition discovery. Since then, Defendants report that they have only taken discovery depositions of the five representative plaintiffs and have yet to note a deposition of any other class member, even though the Court had authorized Defendants to take sixty depositions.

Moreover, the Court finds that Defendants can determine whom to depose from its own records and knowledge of the plant. Defendants know who worked what positions and when they did so. A questionnaire is unnecessary for this purpose. Also, other discovery devices, which do not require *ex parte* communications with represented parties, would be adequate for the purposes of determining facts pertaining to class plaintiffs for use in evidence. The burden imposed on the class members by such *ex parte* contact is not warranted. Requiring a ten-day response time is unrealistic. The questionnaire would

**ORDER ADDRESSING DEFENDANTS' MOTION ~ 2**

dominate the remaining discovery time, and because it is not proper for *ex parte* contact, would place an unfair burden on Plaintiffs' counsel who would have to assist class members in answering the questionnaire. To the extent Defendants assert that this information is needed for their expert witnesses, they have not made a substantial showing for the information. They did not provide any declarations from any experts expressing the need for this information or how it would be used. For these reasons, Defendants' Motion For Leave of Court to Serve Questionnaires is denied.

Defendants' second Motion asks the Court to compel Plaintiffs to provide their witness list, 60 days prior to the discovery cut-off of May 15, 2004. In order to grant this request, the Court would have to amend the schedule provided in the Scheduling Order. In the Order, the parties were required to file their respective exhibit and witnesses lists on or before July 3, 2004. The Court is not convinced that it is necessary to amend the Scheduling Order; however, Plaintiffs have offered to list some witnesses as requested. As such, Defendants' Motion is granted, in part.

**Accordingly, IT IS HEREBY ORDERED**:

1. Plaintiffs are directed to provide Defendants a partial list of class members that they intend to call as witnesses at the trial on or before **April 12, 2004.** The partial list shall consist of two witnesses from each job classification for which Plaintiffs seek recovery. The remaining witnesses that Plaintiffs intend to call at trial need not be listed until the date provided in the scheduling order.

2. Defendants' Motion For Leave of Court to Serve Questionnaires (**Ct. Rec. 418**) is **DENIED.**

3. Defendants' Motion for Leave of Court to City Unpublished Opinions (**Ct. Rec. 420**) is **GRANTED.**

4. Defendants' Motion to Compel the Timely Disclosure of the Identity of Class Members that Plaintiffs intend to call as Trial Witnesses (**Ct. Rec. 422**) is

**ORDER ADDRESSING DEFENDANTS' MOTION ~ 3**

1 **GRANTED,** in part.

2   5. A telephonic conference is scheduled for March 25, 2004 is **stricken.**

3   **IT IS SO ORDERED.** The District Court Executive is directed to enter

4 this order and to provide copies to counsel.

5   **DATED** this 25 day of March, 2004.

            *[signature]*
            ROBERT H. WHALEY
            United States District Court

10 Q:\Civil\2001\Chavez v. IBP\deny.ord.wpd

**ORDER ADDRESSING DEFENDANTS' MOTION ~ 4**