UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA CHAVEZ, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IBP, Inc., LASSO ACQUISITION CORPORATION, and TYSON FOODS, INC., all Delaware corporations,<br><br>Defendants. | NO. CV-01-5093-RHW<br><br>**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Partial Reconsideration (Ct. Rec. 778) of the Court's May 18, 2005 damages order (Ct. Rec. 771). The Defendants assert that the Court should reconsider its adoption of the Plaintiffs' damages theory, because (1) the Court made two important errors of fact; and (2) the Court's construction of federal and state law regarding compensation of straight time is clearly erroneous. The Defendants also lodge a blanket protest that the Court issued its May 18, 2005 order without responsive briefing from the parties on the damages issues. Based on earlier discussions with the parties, the Court was, and is, under the impression that the parties sought to resolve legal issues prior to the July 13, 2005 damages hearing so that they could attempt to stipulate to the calculation of damages.

//

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION**\* 1

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 60(b), a litigant may seek relief from an order or judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence, which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). " '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 ). To succeed in a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

**A.   Errors of Fact**

The Defendants argue that the Court's finding that there was a contract claim raised by the Complaint is in error. The First Amended Complaint, at paragraph 50, cites to RCW 49.52.050, the provision for contract actions. The parties stipulate, however, that this provision was cited merely to obtain a finding of wilfulness, and was not intended to refer to the contract violation language of RCW 49.52.050 (Ct. Rec. 774). Therefore, the Court enters the parties' stipulation, and strikes all reference to recovery on a contractual basis from the May 18, 2005 Order (Ct. Rec. 771).

The Defendants also assert that the Court's findings were based on the factual error that the Plaintiffs' new damages theory was limited to meal-time hours. The Defendants assert that the argument was actually intended to

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION**\* 2

encompass all straight time, including non-meal period work, in weeks in which they worked overtime. The Plaintiffs agree that their new theory was not intended to be limited to meal-time work.

**B.  Clear Errors of Law**

The Defendants assert that the Court's legal rulings constituted clear error because neither federal nor state law requires that Plaintiffs receive their hourly rate for straight time in overtime weeks.

### (i)  The FLSA

In the May 18, 2005 order, the Court held that "pursuant to 29 C.F.R. § 778.315, all meal-time work should be paid at the contractual rate of pay in weeks where both overtime and non-overtime work is performed." *Order* at 7. Section 778.315 provides:

> § 778.315 Payment for all hours worked in overtime workweek is required.
>
> In determining the number of hours for which overtime compensation is due, all hours worked (see § 778.223) by an employee for an employer in a particular workweek must be counted. Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid.

Defendants move the Court to reconsider its ruling because section 788.315 requires a plaintiff to make a separate contractual claim in order to collect regular wages for straight time worked in weeks where overtime was earned. The Defendants argue that interpretation of section 778.315 can be aided by section 778.322, which provides, in whole:

> § 778.322 Reducing the fixed workweek for which a salary is paid.
>
> If an employee whose maximum hours standard is 40 hours was hired at a salary of $200 for a fixed workweek of 40 hours, his regular rate at the time of hiring was $5 per hour. If his workweek is later reduced to a fixed workweek of 35 hours while his salary remains the same, it is the fact that it now takes him only 35 hours to earn $200, so that he earns his salary at the average rate of $5.71 per hour. His regular rate thus becomes $5.71 per hour; it is no longer $5 an hour. Overtime pay is due under the Act only for hours worked in excess of 40, not 35, but if the understanding of the parties is that

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION** * 3

> the salary of $200 now covers 35 hours of work and no more, the employee would be owed $5.71 per hour under his employment contract for each hour worked between 35 and 40. He would be owed not less than one and one-half times $5.71 ($8.57) per hour, under the statute, for each hour worked in excess of 40 in the workweek. In weeks in which no overtime is worked only the provisions of section 6 of the Act [29 U.S.C. § 206], requiring the payment of not less than the applicable minimum wage for each hour worked, apply so that the employee's right to receive $5.71 per hour is enforceable only under his contract. However, in overtime weeks the Administrator has the duty to insure the payment of at least one-half times the employee's regular rate of pay for hours worked in excess of 40 and this overtime compensation cannot be said to have been paid until all straight time compensation due the employee *under the statute or his employment contract* has been paid.

29 C.F.R. § 778.322 (emphasis added). The Defendants argue that this section demonstrates that the "applicable statute" is the FLSA, and its minimum wage requirements at 29 U.S.C. § 206. Accordingly, Defendants contend that because the Plaintiffs have not brought a contract action, they are only entitled to minimum wage.

Plaintiffs respond that section 778.332 does not apply to the situation at hand because it is entitled "Reducing the fixed workweek for which a salary is paid." In this situation, Plaintiffs assert, the employees are not salaried, and no reduction in workweek has occurred. The Plaintiffs additionally assert that no contractual claim is required, because section 778.315 is interpreting 29 U.S.C. § 207 of the FLSA to require, as part of the statutory provision, that the employer pay the regular rate for all work performed in weeks where there is overtime. In *Donovan v. Christomo*, Plaintiffs submit, the Ninth Circuit held that "[t]he Secretary has interpreted the overtime provision as requiring full payment for all straight time hours worked as a prerequisite to satisfying the overtime provision. 29 C.F.R. § 778.315." 689 F.2d 869, 876 n. 13 (9th Cir. 1992). The Court explained that the reasoning for this interpretation was "to compensate employees for the strain of working long hours" and preventing an employer from "effectively eliminate the premium paid for overtime by taking kickbacks out of straight time wages in an amount equal to or greater than the overtime premium." *Id*. at 876 (citations and quotations omitted). Plaintiffs submit that the same rationale applies

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION**\* 4

here; if this Court does not provide compensation of straight time hours at regular rate when an employee works overtime during a pay cycle, an employer can effectively dodge overtime requirements by lessening the regular rate of certain working hours.

Plaintiffs cite several cases in support of their position. In *Bill Haley & His Comets*, no contract action was brought by the Plaintiffs. *Hayes v. Bill Haley & His Comets, Inc.*, 274 F. Supp. 34, 35 (E.D. Pa. 1967) (stating that "[t]his is an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 *et seq*. to recover unpaid minimum wages and overtime compensation"). The court, however, held that under the FLSA, "[j]udgment for the plaintiff at the regular rate for non-overtime hours work can be justified although far above the minimum [wage]" because "the policy of the Administrator is to enforce the regular rate where there is overtime involved since the overtime rate can hardly be said to be paid until the non-overtime rate has been paid. 29 C.F.R. § 778.315." 274 F. Supp. at 37.

In *Midwest*, the court similarly held that "[o]vertime pay, as required by the FLSA, has not been paid unless both straight time pay and overtime pay have been fully paid and have been paid based on an employee's regular pay." *Reich v. Midwest Body Corp.*, 843 F. Supp. 1249, 1251-52 (N.D. Ill. 1994). The employer in *Midwest* was " not liable for any wages due to the employees on a breach of contract claim." *Id.* at 1251. The court in *Midwest*, however, concluded that the employer "must pay the employees' straight time and overtime based on their contract rates, not based on minimum wage rates" because "[s]uch payment is required by the FLSA, not merely by the employees' contracts." *Id*. at 1252.

Finally, the Plaintiffs assert that the only law cited by Defendants, *Monohan v. County of Chesterfield, Virginia*, 95 F. 3d 1263, 1273 (4th Cir. 1996), actually supports the proposition that no independent state contract action need be brought to recover regular wages under the FLSA. Plaintiffs point out that no contract

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION**\* 5

claim was brought in *Monohan*, yet the court held that section 788.315 "expressly requires that in order to determine overtime compensation, one must first look to the employment agreement to determine whether the employer has first paid all straight time due under the agreement." *Id*. at 1264-65, 1273.  The opinion does not indicate that an independent state contract claim was brought.

The Court finds that in weeks where employees had overtime, under the FLSA, unpaid wages under 40 hours must be compensated at "regular rate."  The Court extends this finding to all hours worked (not just meal-time work) in weeks in which there was both straight time and overtime due.

**(ii)    Washington Minimum Wage Act**

The May 18, 2005 order held that under state law, "employees must be compensated at minimum wage for time they are not engaged in active work. Workers shall be compensated at contractual wages, however, for the times in which they are engaging in active work." *Order* at 5.  This finding is impacted by the parties' stipulation, discussed above, that Plaintiffs do not bring a contract action.

The Plaintiffs maintain that there is no basis in Washington state law for the compensation of straight time at regular wage when there is no contract claim.  The Defendants dispute this contention, arguing that the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq.*, mandates only that "an employer pay an employee not less than the minimum wage" for straight time worked.  *See Seattle Prof'l Eng'g Assoc. v. Boeing* ("SPEAA"), 139 Wash. 2d 824, 834, 991 P.2d 1126 (2000) (en banc).

The Plaintiffs reply with the declaration of Richard Ervin, the Program Manager for the Employment Standards Division of WDLI, who attests that "[t]he minimum wage is not used to calculate any part of backpay in overtime workweeks for overtime or non-overtime work, except where the parties had an agreement to pay for all work or certain types of work at or below the minimum wage."  Mr.

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION**\* 6

1  Ervin bases his statement on administrative policy No. ES.A.8.2, entitled "How to
2  Compute Overtime." In ES.A.8.2, WDLI provides one example that indicates
3  straight time should be paid at regular rate in weeks where there is overtime.

4        The Plaintiffs submit that "[t]he construction of a rule by the agency which
5  promulgated it is entitled to great weight." *See Washington State Liquor Control*
6  *Bd. v. Washington State Personnel Bd.*, 88 Wash. 2d 368, 379 (1977). While it is
7  true that "a court will sometime give deference to an agency's interpretation, the
8  court is the final authority on statutory construction and it need not approve
9  regulations or decisions inconsistent with a statute." *Bostain v. Food Express*, 111
10 P.3d 906 (Wash. App. 2005) (citations and quotation marks omitted) (discussing
11 WDLI's interpretation of WMWA); *Dyack v. Commonwealth of Northern Mariana*
12 *Islands*, 317 F.3d 1030, 1036 (9th Cir. 2003) (citations omitted) ("Although we
13 generally defer to an agency's construction of a statute it administers, we will not
14 do so where the agency's interpretation is contrary to the legislative intent.").

15       The Court finds that the Washington Supreme Court's interpretation of the
16 WMWA in *SPEAA*, trumps any conflicting agency interpretation. *SPEAA* held that
17 the "WMWA does not assure payment of contractually agreed wage rates; it only
18 requires that an employer pay the minimum wage for straight time." 991 P.2d at
19 1132.[1] Based on this rationale, the Court finds that where there is no contract
20 claim, the WMWA only requires that straight time be compensated at minimum
21 wage.

22       Accordingly, **IT IS HEREBY ORDERED** that:
23 1. As set forth above, Defendant's Motion for Partial Reconsideration (Ct.
24 Rec. 778) of the Court's May 18, 2005 damages order (Ct. Rec. 771) is

---

[1] The Plaintiffs assert that *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wash. 2d 853, 861 (2004) provides support for their position; *Hisle*, however, dealt only with the proper calculation of overtime, not straight time in weeks in which overtime was worked.

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION** * 7

1  **GRANTED IN PART AND DENIED IN PART**.

2      2.  The Court **ENTERS** the parties' Stipulation (Ct. Rec. 774), and strikes all reference to recovery on a contractual basis from the May 18, 2005 Order (Ct. Rec. 771).

    3.  The Defendants' Motion to File Excess Pages (Ct. Rec. 670) is **GRANTED**.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

    **DATED** this 27th day of June, 2005.

                            s/ ROBERT H. WHALEY
                           United States District Court

Q:\CIVIL\2001\Chavez v. IBP\Chavez.damages.ord.2.wpd

**ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION** * 8