UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA CHAVEZ, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>IBP, Inc., LASSO ACQUISITION CORPORATION, and TYSON FOODS, INC., all Delaware corporations,<br><br>    Defendants. | NO. CV-01-5093-RHW<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** |

On July 13, 2005, the Court held a hearing in Spokane, Washington on the issue of damages, which was bifurcated from the liability phase of the trial. The Plaintiffs were represented by Kathryn Goater, David Mark, and William Rutzick; Defendants IBP, Inc. and Tyson Foods, Inc. were represented by Michael Mueller, Nicole Mueller, and Alfred Schweppe. This order, in conjunction with the Court's May 18, 2005 and June 28, 2005 damages orders, constitutes the Court's final findings and conclusions on damages required by Federal Rule of Civil Procedure 52(a).

The Defendants have stipulated to damages calculations made by the Plaintiffs, as they now stand, because the Defendants' damages models consistently return slightly higher damage results than Plaintiffs' models. The parties seek the Court's ruling on five separate legal issues, on which the ultimate

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 1

damage award depends.  These issues are addressed, below, in turn.

**I.    Rest Break Damages**

Plaintiffs contend that missed 10-minute rest breaks should be compensated at the employee's contractual hourly rate.  Defendants assert that missed rest breaks need only be compensated at minimum wage under the WMWA.  In *Alvarez*, the Court awarded compensation of rest breaks at employees' regular wages.  Defendants, however, did not contest this award.  The parties agree that the Court is not bound by the ruling in *Alvarez*.

Defendants argue that the Court's June 28, 2005 order is dispositive of this issue because rest breaks damages are not distinguishable from other state law damages.  In the June 28, 2005 order, the Court found that under the Washington Minimum Wage Act, ("WMWA"), RCW 49.46, and *Seattle Professional Engineering Employees' Association v. Boeing Co.* 139 Wash. 2d 824 (2000), unpaid wages and damages due under the WMWA are only compensable at minimum wage (in the absence of a contract action).  The Plaintiffs in *SPEEA* were required to attend a pre-employment orientation without pay.  The Court held that the employees were entitled to compensation under the WMWA, RCW 49.46.020(1), which requires an employer to pay each employee at least the statutory minimum wages.[1]  In *SPEEA*, the Washington Supreme Court held that the "WMWA does not assure payment of contractually agreed wage rates; it only requires that an employer pay *the minimum wage* for straight time." *Id*. at 835 (*citing* RCW 49.46.020(1)).

Plaintiffs argue that *SPEEA* is distinguishable from the rest break damages question based on the Washington Supreme Court's decision in *Wingert v. Yellow*

---

[1] The Court noted that "the employees did not pursue their available remedies under chapter 49.52 RCW on appeal.  Instead, they confined their statutory claims to the WMWA." *Id*. at 831 and 831, n.3.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES * 2

*Freight Systems, Inc.*, 146 Wash. 2d 841 (2002), which dealt directly with rest break claims. In *Wingert*, the Court held that when employers failed to provide 10 minute rest breaks, employees could recover wages for the 10-minute period under the Industrial Welfare Act, RCW 49.12, and the Wages-Deductions-Contribution-Rebate Act, RCW 49.52. The Court explained:

> Employees who must work through their overtime break are, in effect, providing Yellow Freight with an additional 10 minutes of labor during the first two hours of their overtime assignments. When the employees are not provided with the mandated rest period, their workday is extended by 10 minutes. Taking the regulation into account, the employees are entitled to be compensated by Yellow Freight for 2 hours and 10 minutes of work.

*Id.* at 849.[2]

Plaintiffs also cite the Washington Court of Appeals' decision below, *Wingert v. Yellow Freight Sys., Inc.*, 104 Wash. App. 483, 489 (2001), which opined that repayment for unpaid rest breaks is based on a theory of unjust enrichment. The Court of Appeals held that an employer "would be unjustly enriched by the extra 10-minutes of labor its employees provided for each day their worked overtime without a break." *Id.* at 591. Washington courts have explained that the remedy for unjust enrichment is "restitution of or for property or benefits received, retained or appropriated, where it is just and equitable." *See Bailie Communications, Ltd. v. Trend Business Sys., Inc.*, 61 Wash. App. 151, 159 (1991). The remedy for unjust enrichment in Washington is "payment of [the] value" of the property or benefits unjustly received. *Id.* at 160. This remedy, however, is limited to recovery for the "reasonable value of the services rendered regardless of any agreement as to value." *Id.* at 159 (*citing Smith v. Bliss*, 44 Cal.

---

[2] Plaintiffs read this holding to require that the 10 minutes of missed rest break be compensated at the same rate as the additional 2 hours. The Court rejects this rationale, and instead bases its holding, *infra*, on a finding that the employees' hourly rate is a reasonable estimation of the value of the benefit derived by the Defendants.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 3

App. 2d 171, 112 P.2d 30, 33 (1941)).

Based on this unjust enrichment analysis, the Court finds that limiting compensation to minimum wage whenever a rest break violation occurs would contradict the Washington courts' interpretation of rest break provisions. Therefore, the Court finds that the *Wingert* decisions are on point with the issue at hand, and that *SPEAA* does not govern the outcome of the rest break compensation issue.

Defendants assert that the Supreme Court's *Wingert* decision does not address the rate at which the 10 minutes should be compensated. The Court of Appeals' holding that employees should recover for rest breaks under a theory of unjust enrichment, however, does elucidate the Court's interpretation on the required rate of rest-break compensation. The *Wingert* decision establishes that under a theory of unjust enrichment, employees should be compensated for missed rest breaks, according to the reasonable value of the services rendered, regardless of any agreement as to value. *Wingert* instructs the Court to look past an "agreement as to value" (here, the Collective Bargaining Agreement) and, instead, determine an equitable "reasonable value" of the class members' work. At the hearing, the Defendants stipulated that all previously unpaid missed rest breaks were compensated at an employee's hourly wage. Moreover, the Defendants did not presented evidence indicating that the hourly wage would excessively compensate the employees for their services. Accordingly, the Court finds that under an equitable analysis, employees' regular hourly wages are a reasonable measure of the value of their services.[3]

---

[3] Defendants also argue that *Wingert* is distinguishable because it dealt with missed rest breaks in the overtime setting, and RCW 49.46.130(1) requires that all overtime minutes be paid at one and one-half times of regular rate. The Court does not base its finding on any suggestion that missed rest breaks must always be

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES * 4

**II.     State Law Claim for Double-Shift Gap Time**

The Defendants assert that the Plaintiffs abandoned any claim for double-shift gap time based on the WMWA.  Defendants assert that Plaintiffs sought damages only for double-shift gap time under the FLSA and, in the alternative, sought compensation for missed rest breaks during the gap-time under the WMWA. Plaintiffs assert that the state law double-shift gap-time issue was preserved by the Pretrial Order, and submit that state law was not explicitly argued because there is an absence of state law on the issue.  Moreover, Plaintiffs assert that Defendants have not been prejudiced by any omission.  The factual basis for a state double-shift gap-time claim did not differ from the proof required for the FLSA claim.

Plaintiffs argue that the state law double-shift gap-time claim was preserved by the general terms of the double-shift claim in the Pretrial Order (Ct. Rec. 633 at 20).  Furthermore, the Pretrial Order provides:

> 2. Plaintiffs contend that under the Stipulation entered into by the parties class members' claims under both FLSA and Washington State law for the period November 2, 1998 through April 1, 2001 will be decided as follows:
> . . .
> d. For periods between May 15, 2000 and April 1, 2001, plaintiffs will also seek compensation under both FLSA and Washington State law of gap time between double shifts.

(Ct. Rec. 633 at 21.)  Plaintiffs explain that they did not cite state law to support the double-shift claim because there is no state case law on point.  Instead, Washington courts have frequently looked to analogous FLSA authority for support. *See Sheriffs' Ass'n v. County of Chelan,* 109 Wash. 2d 282, 292-93 (1987).  Plaintiffs advance that they relied on federal law during argument because of this dearth of case law.

---

compensated at their "regular rate."  Instead, the Court finds that the unjust enrichment rationale contained in *Wingert* is applicable here.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 5

The Defendants contend that allowing Plaintiffs to bring a state-law claim at this late juncture would be the equivalent of the District Court expanding Plaintiffs' claims beyond what they themselves sought. The Defendants point out that the Plaintiffs did not object to the Court's Proposed Findings of Fact (Ct. Rec. 701) on the ground that they failed to address the state law double-shift gap issue and failed to address whether wilfulness double damages applied to a state double-shift gap-time claim. The Defendants additionally point to Plaintiffs' argument at the summary judgment hearing as evidence that they never intended to bring a state law double-shift gap-time claim.

Based on a review of the Pretrial Order and record, the Court finds that the Plaintiffs did not waive a state law claim for compensation for gap time between double shifts.

Even if Plaintiffs had failed to make a claim for compensation under Washington state law, the Court would find that Plaintiffs were entitled to relief. Federal Rule of Civil Procedure 54(c) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." *See Sais v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978) (holding that judge had discretion to order reinstatement of employee alleging Title VII violations even though reinstatement was not requested as relief). This relief does not prejudice Defendants because issues regarding the double-shift gap-time damages were fully developed at trial and in briefing. At the hearing, the Defendants asserted that had they been aware of the state law claim, they would have objected to the Court's reliance on the testimony of three state-law-only class members to provide representative testimony for all employees seeking state law double-shift gap-time damages. The Court finds, however, that no prejudice occurred because the inadequate representation argument is without merit. Ultimately, the legal distinction in class membership in no way alters the activities of employees

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 6

between shifts. Therefore, the testimony of employees who were members of both the FLSA and the Rule 23 classes was equally relevant to the Court's factual findings on the double shift gap time issue.

Accordingly, the Court finds that Plaintiffs adequately preserved the state law double-damages gap-time claim, and the Court's Findings of Fact and Conclusions of Law (Ct. Rec. 701) apply with equal force to the Plaintiffs' state law double-shift gap-time claim.

**III. Calculation of Overtime**

The parties dispute how the "regular" rate should be calculated in weeks with overtime. Defendants contend that the Court should use a "blended" rate, based on a weighted average of employees' hourly wage and the Court-mandated minimum wage. Plaintiffs argue that the regular rate is equal to employees' hourly rate.

RCW 49.46.130, entitled "Minimum rate of compensation for employment in excess of forty hour work week - Exceptions" requires all overtime to be paid at one and a half times of an employee's regular rate. RCW 49.46.130 provides:

> (1) Except as otherwise provided in this section, no employer shall employ any of his employees for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The "regular rate" is defined in WAC 296-128-550, which states:

> The regular rate of pay shall be the hourly rate at which the employee is being paid, but may not be less than the established minimum wage rate. Employees who are compensated on a salary, commission, piece rate or percentage basis, rather than an hourly wage rate, unless specifically exempt, are entitled to one and one-half times the regular rate of pay for all hours worked in excess of 40 per week. The overtime may be paid at one and one-half times the piecework rate during the overtime period, or the regular rate of pay may be determined by dividing the amount of compensation received per week by the total number of hours worked during that week. The employee is entitled to one and one-half times the regular rate arrived at for all hours worked in excess of 40 per week.

This regulation is interpreted by the Washington Department of Labor & Industries to mean that "if the employee is employed solely on the basis of a single hourly

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES * 7

rate, the hourly rate is the 'regular rate.'" *See* WDLI Admin. Policy ES.A.8.2. The same provision provides, however, that "[t]he Hourly rate will not be the regular rate if additional compensation or incentive pay is earned during the work week." *Id.*

The Defendants assert that the Court should employ a "blended" rate (a weighted average of multiple rates) when calculating overtime, because some work time was previously compensated at the contractual hourly rate, and other time will be compensated at minimum wage, pursuant to the Court's June 28, 2005 order. The Court finds that this reading would be inconsistent with WAC 296-128-550, because that regulation requires only that a blended rate be used when employees are "compensated on a salary, commission, piece rate or percentage basis, rather than an hourly wage rate." The class members at IBP/Tyson are not paid "on a salary, commission, piece rate or percentage basis" and the Court has not ordered them to be paid under such methods.[4] Accordingly, the Court finds that the "regular rate" is the equivalent of the employees' hourly rate when calculating overtime backpay.

## IV. Arbitration Award

The Defendants ask the court to either (1) offset the damages in this case against the 5-minute meal break arbitration award affirmed by Judge Lasnik, or (2) force the Plaintiffs to make an election of remedies, to avoid double recovery. The Plaintiffs agree that double recovery should be avoided, but argue that a final

---

[4] Richard Ervin, the Program Manager for the Employment Standards Division of the Washington State Department of Labor & Industries, supports this interpretation in his declaration, explaining that "where only one rate has been agreed to and the employer has been found to have not paid for some work, then that one rate is the basis for calculating overtime backpay, as set forth in the 'Hourly Rate' example in ES.A.8.2." (Ct. Rec. 796, *Ervin Decl.* ¶ 7.)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 8

offset is premature because no payments have been made by Tyson/IBP to Plaintiffs, there is no guarantee that the Defendants will be able to reach former employees, and there is no union in place to assist in the administration of payments.

In *Alexander v. Gardner-Denver Co.*, the Supreme Court held that where the "employee has first prevailed [at arbitration], judicial relief can be structured to avoid such windfall gains." 415 U.S. 36, 52 (1974) (Title VII damages). In *Oubichon v. North American Rockwell Corp.*, the Ninth Circuit reiterated that "an employee can seek more than one remedy but may not recover twice for the same injury" and held that an offset was appropriate "when payments accepted by a grievant . . . constitute a *pro tanto* satisfaction of his damage claim." 482 F.2d 569, 574 (9th Cir. 1973).

The Court holds that a partial offset of Judge Lasnik's arbitration award from the damages in this case is appropriate. At the damages hearing, the parties agreed that not all of the 5-minute damage arbitration could be offset against the present judgment where class members have claims for less than 5-minutes of donning and doffing time. The Court directs the parties to address, in the proposed judgment, the best practical method for the administration of this offset.

## V. Alternate Damages Finding

The Defendants request that the Court make alternate findings on the issue of walking time in the instance that the Supreme Court reverses the Ninth Circuit's *Alvarez* determination. The Plaintiffs object to alternate findings on the ground that Defendants' proposed "alternate" findings go far beyond issues of walking time.

The Court finds that it has discretion to make alternate damages ruling on the walking time and preemption issues. However, it declines to do so in the absence of a stipulation between the parties.

//

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 9

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Quash the Subpoena of Ray McGaugh (Ct. Rec. ) is **DENIED AS MOOT**.

2. The parties are directed to confer and file a proposed judgment consistent with this order and the Court's previous rulings **on or before Wednesday, July 20, 2005, at 12:00 p.m.** If the parties are unable to agree on a proposed judgment, **both parties** shall file a proposed judgment **on or before Wednesday, July 20, 2005, at 12:00 p.m.**

3. If a hearing on the calculation of damages is required, the parties shall contact Courtroom Deputy Michelle Fox **on or before Wednesday, July 20, 2005, at 12:00 p.m.,** at (509) 353-2170.

4. In the event that the parties are unable to stipulate to the calculation of damages, the Court **sets** a hearing on **Thursday, July 21, 2005, at 7:30 a.m.,** in **Spokane, Washington**. This hearing shall be stricken if a joint proposed judgment is filed.

5. The Plaintiffs' Motion for Leave to File Excess Pages For Damages Trial Brief (Ct. Rec. 792) is **GRANTED**.

6. The Plaintiffs' Motion for Leave to File Excess Pages Note for Hearing re Trial brief excess pages (Ct. Rec. 793) is **GRANTED**.

7. The Plaintiffs' Motion to Shorten Time On Motion to File Overlength Trial Brief (Ct. Rec. 794) is **GRANTED**.

8. The Defendants' Motion for Extension of Time to File Second Trial Brief on Damages Issues (Ct. Rec. 800) is **GRANTED**.

9. The Defendants' Motion to Expedite Motion to Shorten Time for Hearing on Defendants' Motion for Extension of Time to File Second Trial Brief on Damages Issues (Ct. Rec. 802) is **GRANTED**.

10. The Defendants' Motion for Leave to File Excess Pages (Ct. Rec. 805) is **GRANTED**.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 10

11.    Any stipulation to alternate damages findings shall be filed **on or before Wednesday, July 20, 2005, at 12:00 p.m.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 14th day of July, 2005.

　　　　　　　　　　　s/ ROBERT H. WHALEY
　　　　　　　　　　　United States District Court

Q:\CIVIL\2001\Chavez v. IBP\Chavez.fof.damages.wpd

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGE ISSUES** * 11