UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIA CHAVEZ, *et al.*, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

IBP, Inc., LASSO ACQUISITION CORPORATION, and TYSON FOODS, INC., all Delaware corporations,

    Defendants.

NO. CV-01-5093-RHW

JUDGMENT

This action came on for trial before the Court, the Honorable Robert H. Whaley, United States District Judge, presiding; and the issues having been duly tried and a decision having been duly rendered as reflected, *inter alia*, in the Final Findings of Fact and Conclusions of Law on May 16, 2005 (Ct. Rec. 768)("Findings"), and various rulings on damages issues on May 18, 2005, June 28, 2005, and July 14, 2005 (Ct. Rec. 771, 791, and 817, respectively);

**IT IS ORDERED AND ADJUDGED:**

That the Plaintiffs, Maria Chavez *et al.* recover of the Defendants, Tyson Fresh Meats, Inc. and Tyson Foods, Inc., the sum of $ 11,419,877, with interest thereon at the rate provided by 29 U.S.C.§ 1961, 3.59 %.  This judgment is based

**JUDGMENT** * 1

on damages calculated through December 31, 2003, and is comprised of the following:[1]

|                   | 11/98 – 6/01 | 7/01 – 12/03 | Totals      |
|-------------------|--------------|--------------|-------------|
| MWA minimum wages | 1,303,800    | 694,407      | 1,998,207   |
| MWA overtime      | 6,031,092    | 372,428      | 6,403,520   |
| FLSA overtime     | 11,301       | 686,734      | 698,035     |
| Arbitration Credit| 0            | -380,584     | -380,584    |
| Rest Breaks       | 946,828      | 1,156,626    | 2,103,454   |
| Double Shifts     |              |              | 597,245     |
|                   |              | **Totals**   | $ 11,419,877|

[2] [3] The arbitration credit is based on the Court's equity jurisdiction to assure that

---

[1] Plaintiffs proved some MWA and FLSA damages that are not included in this judgment because plaintiffs are not allowed duplicative recovery. *See* Findings 57:23. As stated by Plaintiffs, these judgment calculations include recovery for each class member based on the higher of federal or state overtime damages. They are calculated once for any particular week and avoid duplicative recovery.

[2] This figure includes three components for off-the-clock work. First, in weeks with no overtime, it includes damages for all Plaintiffs who have a state-law claim, and it is valued at the state minimum wage rate pursuant to the parties' stipulation dated May 31, 2005 at paragraph 2 (Ct. Rec. 774). Second, in weeks with overtime, it includes non-overtime damages for state-law-only plaintiffs valued at the state minimum wage rate, pursuant to the Court's order of June 28, 2005, at pp.6-7. Third, in weeks with overtime, it includes non-overtime damages for FLSA plaintiffs. Those FLSA plaintiffs are entitled to value these non-overtime damages at the hourly wage rate pursuant to the Court's order of June 28, 2005, at pp.3-6. However, for purposes of convenience, the parties have agreed to include in this figure those hours valued at the state minimum wage rate. The difference between the state minimum wage rate and the hourly wage rate for these hours is $ 57,218 and is included in the "FLSA overtime" row below.

[3] Double shift damages include damages for time between shifts and rest breaks

**JUDGMENT** * 2

class members are not paid twice for the same meal break minutes in this litigation and in the Henderson Arbitration Award, affirmed in *IBP, Inc. v. Local 556 International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, Case No. 03-3512 (9th Cir. May 31, 2005) . The credit is awarded based on defendants' representation that they will mail Arbitration Award checks to the class members' last known address within four weeks of entry of this Judgment. Defendants shall also provide the *Chavez* Plaintiffs with an electronic lists of unpresented checks, *i.e.,* checks that have not been presented for payment to Defendants' bank, in November 2006 and at such time that they provide a list to the State of Washington.

The Court finds that Plaintiffs are entitled to their costs of action and reasonable attorneys' fees and costs under applicable state and federal law. Plaintiffs are directed to file a motion to establish these attorney fees within 4 weeks of entry of this judgment and to file a cost bill with the Clerk pursuant to Fed.R.Civ.P. 54(d)(1).

//

//

//

//

---

(non-duplicative of other rest break damages set forth above) and are calculated in accordance with the Findings pp. 30-40 (docket 768) and the Order of July 14, 2005, pp. 5-7 (docket 817). The $ 597,245 figure is from Exhibit 701 and includes FLSA and state law components, without duplicative recovery.

**JUDGMENT** * 3

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 20th day of July 2005.

s/ ROBERT H. WHALEY<br>United States District Judge

**JUDGMENT** * 4