UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIA CHAVEZ, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

IBP, Inc., LASSO ACQUISITION CORPORATION, and TYSON FOODS, INC., all Delaware corporations,

Defendants.

NO. CV-01-5093-RHW

**ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF REMAINING SETTLEMENT FUNDS**

Before the Court are Plaintiffs' Motion for Approval of Distribution of Remaining Settlement Funds (Ct. Rec. 942) and Motion to Shorten Time (Ct. Rec. 940). The motions were heard without oral argument.

Plaintiffs ask the Court to approve the distribution of approximately $203,000 remaining settlement funds in this case and the companion case of *Nunez v. Tyson Fresh Meats, Inc.*, CV-06-5041-RHW. Defendants do not oppose the motion.

The Court finds that the proposed distribution plan is reasonable and fair to the absent class members and is consistent with the provisions of the MANUAL FOR COMPLEX LITIGATION § 21.662 (2004), which addresses undistributed class action settlement funds. It is fair and reasonable to give first priority to class members who have not yet received money either because their settlement checks were not cashed or their contact with class counsel was untimely. *See id.* It is also

fair and reasonable to hold money for class members whose Tyson-issued settlement checks were not cashed until such time as the funds are claimed by these class members or are turned over to the State of Washington pursuant to RCW chapter 63.29; Tyson has already appropriately reported to the IRS that these funds are income to the particular class member.

Incentive payments of $2000 to each of the five *Chavez* class representatives is reasonable in light of their representation of class interests since 2001, which included, *inter alia*, their efforts in responding to interrogatories and requests for production, being deposed, and on-going participation in a 2 day mediation and other settlement negotiations during the course of the *Chavez* litigation. *See Staton v. Boeing Co.*, 327 F.3d 938, 976-77 (9th Cir. 2003)(discussing *In re Mego Fin. Corp. Sec. Litig*. 213 F.3d 454 (9th Cir. 2000)).

The proposal to distribute remaining funds pro rata to the approximately 1200 *Chavez* and/or *Nunez* class members with over $2000 in damages is fair and reasonable. This will result in individual payments ranging between $20 and $200 depending on the amount of the class member's settlement award. There are over 2000 class members with settlement awards of less than $2000. Distributions to them would be too small ($0.01 to $20) to warrant the time and expenses involved.

Finally, it is fair and reasonable to distribute funds remaining after the efforts outlined above to the Legal Foundation of Washington. The Court observes that Washington's CR 23(f), although not applicable in this action, gives the Legal Foundation of Washington a mandatory share of undistributed settlement proceeds. The Legal Foundation of Washington funds organizations that provide representation to individuals such as these class members and their families.

///

///

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Approval of Distribution of Remaining Settlement Funds (Ct. Rec. 942) is **GRANTED**.

2. Plaintiffs' Motion to Shorten Time (Ct. Rec. 940) is **GRANTED**.

3. An order approving Plaintiffs' distribution plan is being entered simultaneously in *Nunez v. Tyson Fresh Meats, Inc., supra.*

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 30th day of July, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2001\Chavez v. IBP\finaldist.wpd